## PINTER v HANTZSCHE

Ohio Appeals, 9th Dist, Summit Co

No 2905. Decided Oct 22, 1937

E. F. Trunko, Akron, and A. B. Casselberry, Barberton, for appellee.

N. M. Greenberger, Akron, and C. F. Schnee, Akron, for appellant.

## OPINION

PER CURIAM

The owner of certain real estate brought an action in forcible entry and detainer in the Municipal Court to obtain possession of said real estate from his tenant. There was a written lease between said landlord and tenant which provided that if said tenant should "use said premises in any unlawful way or for any unlawful purpose, * * * said lessor may recover possession of said premises, and terminate this lease, without reference to the time said lease would otherwise have expired."

The claim of the landlord was that said tenant, without his consent, used said premises in an unlawful way and for an unlawful purpose: "to-wit, by keeping upon the premises certain machines known as slot machines for the purpose of gambling."

At the close of all the evidence, the trial judge directed the jury to return a verdict in favor of said landlord, which was done, and the controversy is before this court upon an appeal on questions of law; the claim being that the landlord waived his right to take possession of said premises because he accepted rent after he knew that the premises were being so used for gambling purposes.

From a reading of the record, we reach the conclusion that there is no material dispute in the evidence as to the controlling facts, and that therefore a question of law was presented to the trial judge as to

whether the landlord's right to take possession had been waived.

If the covenant in a lease which is violated relates to a matter as to which the parties have a right to contract in any manner they desire, there may be a waiver of the right of forfeiture based upon the acceptance of rent after knowledge of the breach of the covenant; but where the covenant relates to a matter as to which the legislature of the state has established a public policy and the enforcement of such waiver would violate that public policy, the acceptance of rent after knowledge of the violation of the covenant will not constitute a waiver of the right of forfeiture.

Sec 5972, GC, provides in part that "when premises are occupied for gaming or lottery purposes, the lease or agreement under which they are so occupied shall be absolutely void at the instance of the lessor, who may at any time obtain possession thereof by civil action, or by action of forcible detainer before a justice of the peace."

It is thus apparent that the legislature has established a public policy and expressly given to the landlord, whose premises are occupied for gambling purposes, the right to forfeit the lease and take possession of the premises; and the acceptance of rent after knowledge that the premises are being occupied for gambling purposes is not a waiver of the right to enforce said forfeiture.

"3. Landlord does not waive forfeiture of lease for breach of tenant's covenant not to permit unlawful or objectionable business by acceptance of rental."

Poulos v Toledo L. Bldg. Co., 22 Oh Ap 426 (3 Abs 443).

Judgment affirmed.

STEVENS, PJ, WASHBURN and DOYLE, JJ, concur in judgment.