**BREDWELL, et, Plaintiffs-Appellees, v CARTER, et, Defendants-Appellants.**

Ohio Appeals, First District, Clermont County.

No. 173.   Decided June 1, 1948.

Nichols, Speidel & Nichols, Batavia, for plaintiffs-appellees.
Thorndyke & Becker, Cincinnati, for defendants-appellants.

**OPINION**

By ROSS, J.:

The appeal from the judgment of the Common Pleas Court of Clermont County is here considered upon questions of law.

Judgment in the trial court was rendered upon the pleadings upon the motion of the plaintiffs therefor.

The pleadings consisted of a petition, an answer and cross-petition, and a reply.

Upon the motion of the plaintiffs for judgment on the pleadings, all facts alleged therein are to be considered most favorably to the defendant and any factual allegation not denied by the defendant is to be taken as true.

From the allegations of such pleadings, so construed, it appears that the defendant Leslie Carter occupied certain premises under a written lease from the plaintiffs, that he used such premises for gaming purposes, and was convicted of such offense; that thereafter he left such premises and went to Florida, and his co-defendant Lowell Behymer carried on the Lessee's business therein, that said Behymer also carried on a gambling business in such premises and was convicted of such offense; that the plaintiffs accepted rent from said Carter after his conviction of the offense of operating such premises for gaming; that Carter made certain repairs and expended money, which, under the terms of the lease, he was entitled to be paid by the plaintiffs.

**Sec. 5972 GC,** provides:

"When premises are occupied for gaming or lottery purposes, the lease or agreement under which they are so occupied shall be absolutely void at the instance of the lessor, who may at any time obtain possession thereof by civil action, or by action of forcible detainer before a justice of the peace. If a person lease premises for gaming or lottery purposes, or knowingly permits them to be so used and occupied, and fails forthwith to prosecute, in good faith, an action for the recovery of such premises, such lessor shall be considered in all cases, civil and criminal, as a principal in carrying on the business of gaming, or a lottery, on such premises."

This section gives a lessor a remedy by civil action in addition to and supplemental to any remedy such lessor may otherwise have in law or equity. It makes it compulsory for such lessor to institute an action to regain premises occupied by his lessee for gaming purposes under a penalty for failure to institute the action. The lease under such circumstances

is absolutely void at the lessor's option, and it is specifically provided, without qualification, that he may so regain possession of the premises at **any time.** The penalty for delay in bringing the action is in no way fixed as a modification of this right and duty to institute the action. It is obvious that the defense of waiver and estoppel have no bearing upon the duty so imposed upon the lessor. In this connection, there is no allegation in the pleadings indicating that the defendant, Carter, was in any way caused to change his position to his disadvantage by reason of such delay.

As to the cross-petition of Carter, he can make no claim under a lease which by the terms of the statute is absolutely void at the option of the lessor. The lessor by instituting the civil action provided for in the statute has rendered the lease void. The facts alleged bring the lease within those terms.

The Court of Appeals of Summit County reached a similar conclusion in the case of **Pinter v Hantzsche,** 26 Abs., 378. It is true that in the lease there considered there was a forfeiture clause for use of the premises for any unlawful purpose. However, the Court held:

"If a covenant in a lease which is violated relates to a matter as to which the parties have a right to contract in any manner they desire, there may be a waiver of the right of forfeiture based upon the acceptance of rent after knowledge of the breach of the covenant, but where the covenant relates to a matter as to which the legislature has established a public policy and the enforcement of such waiver would violate the public policy, the acceptance of rent after knowledge of the breach will not constitute a waiver of the right of forfeiture.

"The right of a landlord given by §5972 GC, to forfeit a lease and obtain possession of his premises occupied for gambling purposes is not waived by his acceptance of rent after knowledge of the violation of a covenant in the lease not to use the premises for unlawful purposes."

The provisions of §5972 GC, are in no way dependent upon the covenants in the lease, nor is there any provision for waiver or estoppel, in fact the provisions of the statute are to the contrary, as hereinbefore stated.

No error, prejudicial to Carter appears in the judgment, which is affirmed.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.