**Frank C. SLAY, Appellant,**

v.

**W. R. FUGITT et ux., Appellees.**

**No. 15237.**

Court of Civil Appeals of Texas.

Dallas.

April 19, 1957.

Rehearing Denied May 31, 1957.

Odeneal & Odeneal, Dallas, for appellant.

John E. V. Jasper and Knox W. Sherrill, Dallas, for appellees.

YOUNG, Justice.

W. R. Fugitt and wife Irma instituted this proceeding for title and possession of their leasehold estates in and to some 30 acres of land, and to enjoin appellant landlord from enforcing a judgment of restitution rendered by County Court at Law No. 2, Dallas County, involving the same property and same parties with exception of Mrs. Fugitt. Slay answered with motion to dismiss, plea of res adjudicata, and that said County Court judgment was not thus subject to collateral attack; also seeking damages by way of cross-action. Following a trial to the court, there was a judgment overruling all defenses, awarding plaintiffs a continuance of possession in accordance with the written leases and enjoining enforcement of defendant's County Court judgment of restitution. Appeal therefrom has been duly perfected.

It appears that on inception of the controversy Fugitt was in possession, under written leases, of the 30 acres described as Lots 42, 43, 44, 45, 46 and 47 of the unrecorded plat of Oak Cliff Farms Addition, with Slay as lessor and owner; rental $37.00 per month in advance, the leases having a considerable time yet to run. On October 19, 1955 a forcible entry and detainer suit was filed in Precinct 5, Lancas-

ter, Dallas County, by Slay against Fugitt under claim of default in September rental payment. Upon hearing of cause, the judgment was adverse to Slay who filed appeal bond; the transcript, record, and papers of the proceeding having been later filed in County Court at Law No. 2. On November 22, 1955 a judgment of restitution was rendered in favor of Slay, reciting that same was pursuant to a transcript of the record filed in that Court on November 15, 1955; "that the defendant, W. R. Fugitt, had not filed a written answer in the Justice Court; and it further appearing to the court that said transcript has been on file herein more than five (5) full days, and that the defendant, W. R. Fugitt, has failed to file a written answer herein, and that under the provisions of Rule 753, Texas Rules of Civil Procedure, that the allegations of the complaint in forcible detainer filed herein by the plaintiff, Frank C. Slay, may be taken as admitted, and that said plaintiff, Frank C. Slay, is therefore entitled to recover judgment by default herein". Thereafter upon issuance of writ of restitution by the County Clerk, the officer's return thereon was as follows: "Came to hand on the 22nd day of December A.D. 1955 at 10:33 o'clock A.M., and executed on the 27th day of December A.D. 1955 by delivering to the within named plaintiff the peaceful possession of the within described real property." However, Slay was not placed in actual possession of the land in question in these proceedings.

Thereafter on February 17, 1956 the instant suit was filed by the Fugitts, husband and wife, praying for injunction against enforcement of said judgment of restitution; alleging that same was void and of no effect on the following grounds, in substance: That he was a layman, representing himself in the Justice Court at Lancaster, having no notice of bond and appeal to the County Court at Law, nor of the later default judgment; that in all of such activities defendant Slay had been guilty of fraud and "trickery"; he, the said Fugitt, not being delinquent in rental pay-

ments, and, in consequence, having a meritorious defense to said County Court action; that said allegedly void judgment did not and could not have adjudicated all matters in controversy between the parties, (1) in matter of accounting for certain reserve deposits of rent and application thereof to any default of payments; (2) title to and right to remove valuable improvements placed on the leasehold by petitioners; and (3) pleading existence in both of a business homestead on the leasehold, and particularly on behalf of Irma Fugitt who was not a party to the Justice Court suit.

On trial to the merits of such District Court suit in April 1956, it was decreed (1) that the Slay-Fugitt leases were valid and subsisting, with petitioner and wife entitled to recover "title and possession of said above described premises under the terms of and in accordance with said lease contracts"; (2) permanently enjoining Slay from issuing any writ or writs for possession under the County Court at Law judgment of restitution, or from interfering in any manner with possession by the Fugitts by reason of any transactions "prior to the rendition of this judgment"; (3) requiring plaintiffs to deposit in court registry for use of defendant Slay the sum of $296 for accrued rentals (September 1955 to April 1956), together with 1955 taxes of $55, and denying anything to defendant on his cross-action.

By way of testimony at the trial, Fugitt and wife testified to a tender of the September 1955 rent and each month thereafter according to lease terms; that they had established a business homestead on the leasehold which had from five to seven years of unexpired term; placing valuable improvements thereon of more than $3,000 in buildings, concession stands, and race track; that the landlord's claim of rental default was fraudulently made for purpose of exacting a higher rental and shortening of lease terms; and that in the beginning they had deposited with Slay the sum of $450 as reserve security for rental pay-

ments, which the latter still held. Fugitt had been permitted to sublease portions of the property, complaining that after the County Court judgment Slay had persisted in demanding of the subtenants payment of their rental money to himself.

Here it will be noted that Slay's transcript on appeal from the October 29, 1955 judgment of Justice Court was not filed in County Court at Law until November 15 thereafter. Rule 749, T.C.P., provides that bond on appeal in cases of forcible entry and detainer is to be filed by the aggrieved party within five days after judgment; also that (Rule 751, Texas Rules of Civil Procedure) the transcript, etc., on appeal shall be filed in County Court by the justice within six days thereafter; appellees arguing that such appeal was not perfected in time for the County Court at Law to acquire jurisdiction of the cause for trial "de novo" or ensuing rendition of judgment by default pursuant to Rule 753. The record does not show date of filing bond on appeal from the Justice Court.

■ Appellant's grounds of error are sufficiently presented in the following: Point (2), "in overruling defendant's motion to dismiss plaintiff's suit, thereby allowing plaintiff (tenant, appellee) to maintain a collateral attack on a final judgment of restitution rendered by a court of competent jurisdiction"; point (3), "in overruling defendant's plea of res adjudicata contained in his motion to dismiss and his special exception No. 2, thereby holding that the final judgment of restitution rendered by the County Court at Law No. 2 of Dallas County, Texas, was not res adjudicata on the question of right of possession of the real estate in question." In defense of District Court jurisdiction, appellees in answering counterpoints rely upon art. 3994, Vernon's Ann.Civ.St., reading: "The proceedings under a forcible entry, or forcible detainer, shall not bar an action for trespass, damages, waste, rent or mesne profits." This article has been uniformly held to mean "that the ac-

tion of forcible entry and detainer and the action of trespass to try title or other possessory action in the district court provide cumulative and not exclusive remedies and may be resorted to and prosecuted concurrently [Citing authorities]." Omohundro v. Nowlin, Tex.Civ.App., 142 S.W.2d 399, 400.

■■ The cumulative and nonexclusive provisions of art. 3994 are usually referable to District Court actions in trespass to try title; that court having general jurisdiction to try the same right of possession. The Justice Court, on the other hand, is not authorized to adjudicate title to land (Rule 746, T.C.P.), and when both title and possession are involved, a District Court suit in trespass to try title takes precedence and may be maintained concurrently with a Justice Court action in forcible entry and detainer, even to restraint of proceedings in the latter court. But when the sole matter involved is one of possession, the District Court has no authority to restrain by injunction a trial of the same issue in Justice Court. Young Women's Christian Ass'n. of Austin v. Hair, Tex.Civ.App., 165 S.W.2d 238, 239; Syl. 8 of the cited case holding: "In landlords' forcible detainer suits against tenant, determination by justice court and by county court on appeal of questions whether lease is terminated, whether demand for possession has been made, and whether there is a holding over, which relate solely to right of possession, is final and the county court's final judgment thereon is 'res judicata' thereof."

■ And although the instant suit of appellees may be considered as in nature of trespass to try title, the primary issue involved is their right to possession of the leasehold; and petitioners are really in no better position than was the tenant in Rankin v. Hooks, Tex.Civ.App., 81 S.W. 1005, 1006. There in the subsequent District Court suit it was alleged that the landlord had instituted a false and fraudulent suit against plaintiff for possession of the land. On this point the court held:

"That suit having been prosecuted to judgment, and the judgment not being void, it cannot be attacked in this suit on the ground that the suit for forcible detainer was fraudulently instituted"; and further, that: "A material issue in the forcible detainer suit was whether defendant therein * * * was entitled to the possession of the premises, and this involved the question whether he was holding possession thereof under a valid lease, entitling him to retain the possession. That issue was determined in that case against the plaintiff in this suit. It is not for us to say whether the same was or was not correctly decided. It was so determined by a court having jurisdiction over the parties and the subject-matter, and must be held conclusive on this issue."

Appellees argue invalidity in toto of the County Court at Law judgment of restitution, and therefore vulnerability to collateral attack. Such Court, however, was acting pursuant to statutory authority, having jurisdiction over the parties and subject matter, under which circumstances its judgment may be avoided only upon direct attack. "There is a marked difference between a void judgment and one that is only voidable. The latter may be defined as a judgment of a court of competent jurisdiction which appears to be valid, but which is, in fact, erroneous or irregular by reason of some defect that does not affirmatively appear upon its face or in its record. While a voidable judgment may be annulled on direct attack, launched within the time and in accordance with the methods provided by law, it is binding and conclusive in all respects until it is actually vacated or set aside * * *." 25 Tex. Jur., sec. 256, pp. 696, 697.

Appellant's points 2 and 3 are accordingly sustained, with judgment of permanent injunction set aside and dissolved. The cause is otherwise reversed and remanded to the trial court, without prejudice to the right of appellees at this juncture to pursue such other legal course of action as may be found available.