**A & A LIQUOR STORES, Appellant,**

v.

**Woodrow W. DUNCAN et ux., Appellees.**

No. 16428.

Court of Civil Appeals of Texas.

Dallas.

Dec. 4, 1964.

Dick P. Wood, Dallas, for appellant.

Strasburger, Price, Kelton, Miller & Martin; Robert H. Thomas and William C. Martin, Jr., Dallas, for appellees.

DIXON, Chief Justice.

Appellees Woodrow W. Duncan and wife, Lena Duncan, obtained judgment against

appellant A & A Liquor Stores, Inc., in a forcible detainer suit in the Justice Court and also in the *de novo* appeal in the County Court at Law.

The County Court at Law made findings of fact. The substance of these findings, which are supported by the evidence, includes the following:

1. Appellees are title owners of a described tract of land.

2. In 1953 they leased part of this tract to appellant.

3. On the same date in 1953 they leased another part of the tract to one Joe East.

4. By the terms of the two leases each of the lessees was given the right to use all of the parking area of the other lessee—in other words the two lessees had mutual parking rights in both leased areas.

5. The lease to Joe East expired on March 31, 1958. East continued as a tenant on a month to month basis until June 1962.

6. The lease to appellant was redrawn on September 9, 1960 for a period of ten years. The new lease contains the same metes and bounds description as the 1953 lease, but gives appellant no parking rights except on the land specifically described in the lease—that is, it does not include the mutual parking rights with the neighboring tenant provided in the 1953 lease.

7. At the time this suit was filed appellant was in possession of and claimed to be appellees' tenant on the land specifically described by metes and bounds in the 1953 and 1960 leases *plus an additional tract eight feet wide*. This latter tract is the subject matter of this suit, referred to as the "unleased tract."

8. Appellant has no written lease to the "unleased tract," but always considered itself a tenant under appellees' title and was therefore a tenant at will or at sufferance.

9. Appellees assented to appellant's tenancy of the "unleased tract" until shortly

before the filing of this suit, at which time appellees made a written demand on appellant for possession of the property.

10. Appellant refused to surrender possession of the "unleased tract" upon demand by appellees.

11. Appellees' damage due to appellant's withholding possession of the "unleased tract" during the appeal from Justice Court was the reasonable rental value of the land, to-wit, $250.00.

12. Appellees were damaged by appellant's appeal in the amount of $750.00 as attorneys' fees.

Appellant does not claim title to the land in dispute. It admits that appellees are title owners of said land, possession of which was awarded to appellees. Appellant simply claims that as tenant under appellees' title it is entitled to possession. There is no claim of error or mistake in the metes and bounds description in appellant's lease. The tract in dispute is not included in that description, as is shown by a survey made some time before suit was filed. The accuracy of the survey is not questioned.

■ Though the land to which appellees were awarded possession by the judgment of the County Court at Law is not included in the metes and bounds description of appellant's lease, appellant has been using the area as parking space for its customers. This it was entitled to do under the mutual possession provision of its 1953 lease. But that provision having been omitted from the 1960 lease, the County Court correctly concluded that appellant's continuation of possession was the possession of a tenant at will or at sufferance. 35 Tex.Jur.2d 508, 511–512. It is undisputed that appellees knew and assented to appellant's possession until they made demand for possession themselves.

The substance of appellant's three points on appeal is that neither the Justice Court nor the County Court at Law on appeal had jurisdiction to try this case because it is a

**740**

boundary dispute and is triable only in the District Court in an action of trespass to try title. In support of this view appellant cites us to Art. 2387, Vernon's Ann.Civ.St., which provides that Justice Courts have no jurisdiction of suits for the trial of title to land.

■ We do not agree with appellant. The ownership or title to the property in controversy is not in issue in this case. Appellees do not ask for an adjudication as to title and the judgment does not undertake to make an award of title. Only possession was sought by appellees. Only possession was awarded to appellees.

It is true that the County Court at Law made a finding that appellees are the owners of the property. But this is no more than a finding of an admitted fact as an incident to appellees' status as landlords. Young Women's Christian Ass'n v. Hair, Tex.Civ. App., 165 S.W.2d 238, 241. Appellant's defense is based on the premise that appellees are the owners, but that appellant as tenant has a right of possession.

The Justice Court has original jurisdiction of such a suit. Art. 3973, V.A.C.S. Appellees do not allege or claim forcible entry. They claim only forcible detainer following their written demand for possession. The facts which will support recovery in a forcible detainer suit are present here and are undisputed. There was a prior lease agreement, the contract of 1953, under which appellant had possession of the land in question. That lease contract had expired. Appellant thus became a hold-over continuing to occupy the property with the landlord's assent. Appellant refused to surrender possession on demand of the landlord. Young Women's Christian Ass'n v. Hair, supra; Gillam v. Baker, Tex.Civ.App., 195 S.W.2d 824; Murat v. Micand, Tex.Civ. App., 25 S.W. 312; 25 Tex.Jur.2d 476-478.

■ Appellees could have filed a suit in trespass to try title in the District Court in order to regain possession of their property. But such a remedy is cumulative, not ex-

clusive, when title to the property is not in issue. Slay v. Fugitt, Tex.Civ.App., 302 S.W.2d 698; Holcombe v. Lorino, Tex. Com.App., 79 S.W.2d 307; 25 Tex.Jur.2d 470.

Appellant's points on appeal are overruled.

The judgment of the trial court is affirmed.

Affirmed.