Harold HARRIS, et al., Appellants,

v.

UNION ELECTRIC COMPANY, Respondent.

No. 58927.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 3, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1991.

Application to Transfer Denied Nov. 19, 1991.

David L. Campbell, Campbell & Campbell, St. Louis, for appellants.

Lawrence G. Crahan, Armstrong, Teasdale, Schlafly, Davis & Dicus, St. Louis, for respondent.

SMITH, Presiding Judge.

Plaintiffs appeal from the order of the trial court dismissing their claims of common law fraud and violation of security laws other than Rule 10b–5. We affirm.

We do not find it necessary to detail the tortured history of this apparently unending litigation. That, for the interested, can be accomplished by examination of the four prior appellate opinions which it has generated. *See Harris v. Union Elec. Co.*, 622 S.W.2d 239 (Mo.App.1981) (Harris I); *Harris v. Union Elec. Co.*, 685 S.W.2d 607 (Mo.App.1985) (Harris II); *Harris v. Union Elec. Co.*, 787 F.2d 355 (8th Cir.1986) (Harris III); *Harris v. Union Elec. Co.*, 766 S.W.2d 80 (Mo. banc 1989) (Harris IV).

█ It is sufficient to say that the judgment in favor of plaintiffs and against defendants affirmed in *Harris III* was paid in full and satisfaction of judgment entered. The counts dismissed by the trial court in

the appeal now before us are based upon the same acts and course of conduct that formed the basis for the judgment in *Harris III*. The theories utilized to attempt recovery differed but they arose from a common set of facts. Pursuant to *Harris III* plaintiffs have recovered for the injury sustained by them as a result of the defendants' acts. *Res judicata*, arising from the satisfaction of the *Harris III* judgment, is therefore applicable and precludes further litigation of plaintiffs' claim. *Siesta Manor, Inc. v. Community Federal Savings and Loan Association*, 716 S.W.2d 835 (Mo.App.1986) [10–12].

 Plaintiffs contend that they are entitled to pursue remedies which are concurrent and consistent without having to elect a remedy. That is correct. *Id.* [12]. They also contend that when a federal securities claim overlaps with a pendent state law claim, the plaintiff is entitled to the maximum amount recoverable under any claim. That is also correct. *Grogan v. Garner*, 806 F.2d 829 (8th Cir.1986) [18, 19]. But those concepts have no applicability once a judgment, arising from the facts which form the basis for the multiple causes of action, has been satisfied. In *Siesta Manor* we specifically pointed out that satisfaction of the first suit barred the second suit arising from the same set of facts. *See also State ex rel. U.S. Fid. and Guar. Co. v. Walsh*, 540 S.W.2d 137 (Mo. App.1976). The language of the *Grogan* case upon which plaintiffs place reliance in no way conflicts with the holding of *Siesta Manor* or the *USF & G* case. The court in *Grogan* recognized that upon satisfaction of either judgment the other claim is deemed extinguished. Plaintiffs' cause of action is barred by the satisfaction of judgment in *Harris III*. We find it unnecessary to address the numerous other issues briefed by the parties.

Judgment of the trial court is affirmed.

CARL R. GAERTNER, C.J., and SATZ, J., concur.