**ELLSWORTH BREIHAN BUILDING COMPANY, Plaintiff–Respondent,**

v.

**TEHA INCORPORATED, Defendant–Appellant.**

**No. ED 77981.**

Missouri Court of Appeals, Eastern District, Division Four.

June 12, 2001.

Thomas R. Carnes, St. Louis, MO, for appellants.

Katharyn B. Davis, Lisa Leslie, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

Tenant, Teha, Inc., appeals from the judgment in favor of Landlord, Ellsworth Breihan Building Company, in an unlawful detainer action brought under Section 534.030 RSMo. (2000).[1] Tenant argues that the trial court erred in failing to dismiss Landlord's action for unlawful detainer because Landlord had previously elected its remedy, a rent and possession action

---

1. All statutory references are to RSMo. (2000) unless otherwise noted.

under Section 535.020, for Tenant's alleged breaches of the lease. We affirm.

## Facts

Landlord and Tenant signed a lease in which Landlord agreed to allow Tenant to operate a restaurant and bar on its property in exchange for rent and compliance with the lease conditions. When Tenant failed to pay rent for several months, Landlord filed a rent and possession claim, and Tenant filed a counterclaim for attorney fees, which it was entitled to do under the lease agreement. At the rent and possession trial, Tenant tendered the amount of rent past due. Landlord, therefore, agreed to dismiss with prejudice its rent and possession claim, and Tenant also dismissed its counterclaim with prejudice.

However, before the rent and possession claim was dismissed, Landlord sent Tenant written notice of termination of the lease and, after the dismissal, Landlord filed an action for unlawful detainer. Tenant filed a motion to dismiss Landlord's unlawful detainer action based on the fact that Landlord had chosen its remedy for Tenant's alleged breaches of the lease when Landlord filed the rent and possession claim. The trial court denied the motion to dismiss and subsequently entered judgment in favor of Landlord, awarding Landlord possession of the property. This timely appeal follows.

## Analysis

The appellate court will sustain the judgment of the trial court unless there is no substantial evidence to support the judgment, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Tenant claims the trial court should have granted its motion to dismiss because Landlord chose its remedy when it filed the rent and possession action; thus, the unlawful detainer action should have been dismissed. We disagree.

■■■ The election of remedies doctrine exists to prevent double recovery for a single wrong, and it is based on the theory that " 'where a party has the right to pursue one of two inconsistent remedies and he makes his election, institutes suit, and prosecutes it to final judgment, he cannot thereafter pursue another and inconsistent remedy.' " *Whittom v. Alexander–Richardson Partnership*, 851 S.W.2d 504, 506 (Mo. banc 1993), *quoting Tooker, et al. v. Missouri Power & Light Co.*, 336 Mo. 592, 80 S.W.2d 691, 695 (1935). Thus, for the doctrine to apply, a party must have more than one remedy to correct a single wrong and those remedies must be inconsistent. *Id.* To determine whether remedies are inconsistent, we look at whether one theory alleges what the other denies or whether one theory is repugnant to another. *Estate of Gross v. Gross*, 840 S.W.2d 253, 262 (Mo.App. E.D.1992). Where, however, the remedies are concurrent and consistent, or cumulative, the doctrine of election of remedies does not apply. *Harris v. Union Electric Co.*, 817 S.W.2d 591, 592 (Mo.App. E.D.1991). The only bar to pursuing cumulative remedies is satisfaction of the claim. *Id.*

■■■ Although Landlord pursued two remedies, we find that the doctrine of election of remedies does not apply because the remedies are not inconsistent. Here, Landlord filed a rent and possession claim and then initiated an unlawful detainer action. These remedies are not inconsistent because the theories do not disprove each other. To prove a case for rent and possession, Landlord need only show that Tenant failed to pay rent and that Landlord has made a demand for that rent. Section 535.020. An unlawful detainer ac-

tion merely requires a showing that Tenant has occupied the premises after the lease has been terminated. Section 534.030. Neither of these theories alleges what the other denies nor are they repugnant. Therefore they are consistent remedies to which the doctrine of election of remedies is no bar. *See Harris,* 817 S.W.2d at 592.

■ Moreover, the doctrine does not apply because these remedies are cumulative. *Id.* Although we found no Missouri precedent, several other jurisdictions have found that summary proceedings for possession are cumulative, and not inconsistent. *See Union Oil Co. of California v. Lindauer,* 131 Colo. 138, 280 P.2d 444 (1955); *Hanover Estates v. Finkelstein,* 194 Misc. 755, 86 N.Y.S.2d 316 (1949); *Bredwell v. Carter,* 83 Ohio App. 296, 82 N.E.2d 760 (1948); *A & A Liquor Stores v. Duncan,* 385 S.W.2d 738 (Tex.Civ.App. 1964); *See also* 52A C.J.S. *Landlord and Tenant* Section 753 (1968). Typically, summary proceedings are entirely statutory, sui generis, summary in character or nature, and the remedy is speedy. 52A C.J.S. *Landlord and Tenant* Section 752 (1968).

■ Here, Landlord filed a rent and possession action, which is a summary possession proceeding. *See French v. Ester,* 749 S.W.2d 461 (Mo.App. E.D.1988). Later, Landlord filed a suit for unlawful detainer, which is another summary possession proceeding. *Lake in the Woods Apartment v. Carson,* 651 S.W.2d 556, 557 (Mo.App. E.D.1983). Because both of these actions are summary proceedings, they are cumulative and the doctrine of election of remedies has no bearing. Furthermore, unlawful detainer is not an exclusive remedy to regain possession of property. *Ashenhurst v. Johnson,* 167 S.W.2d 397, 399 (Mo.App.1942). A landlord may pursue one or more summary proceedings to recover possession of its property. *Id.* Because Landlord sought cumulative and not inconsistent remedies, the doctrine of election of remedies does not apply. *See Harris,* 817 S.W.2d at 592. Thus, the trial court did not err in failing to dismiss the unlawful detainer action.

Judgment affirmed.

PAUL J. SIMON, J., and SHERRI B. SULLIVAN, J., concur.