COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JOSE DAHUL BRECEDA and
MARIA               )

DE
JESUS REYES,                                               )                 No. 08-04-00173-CV

                                                                              )

Appellants,                         )                     Appeal from the

                                                                              )

v.                                                                           )                 346th District Court

                                                                              )

JANGWOO WHI and HYANGRAN
WHI,          )             of El Paso County,
Texas

                                                                              )

Appellees.                          )                   (TC# 2004-2309)

                                                                              )

                                                                              )

 

 

O
P I N I O N

 

This is an
accelerated interlocutory appeal from the granting of a temporary injunction in
a breach of contract suit instituted by Appellees Jangwoo Whi and Hyangran
Whi.  In their sole issue, Appellants
Jose Dahul Breceda and Maria De Jesus Reyes assert that the trial court had no
jurisdiction to grant the temporary injunction because only the justice of the
peace court has subject matter jurisdiction over issues of sole possession or a
forcible detainer action.  We affirm the
trial court=s order.








On May 25, 2004,
the Appellees filed the underlying suit, asserting a breach of contract claim
and a violation of the Texas Deceptive Trade Practices Act (ATDTPA@).  In the original petition, the Appellees
stated that on January 23, 2004, the parties entered into a commercial lease
agreement for the Appellees to lease certain property owned by Appellants
located at 523 South El Paso Street, El Paso, Texas.  The commencement date of the lease was
February 1, 2004.  The Appellees alleged
that they were ready, willing, and able to occupy the premises on that date,
but could not due to the owners=
failure to complete construction work on the premises.  After a two-month delay the Appellees were
able to obtain a temporary occupancy permit and a final occupancy permit in
April 2004.  The Appellees paid rent for
April and May 2004.  The Appellees allege
that on April 28, 2004, they received a letter from Appellants= attorney demanding rent for February
and March 2004.  In their petition,
Appellees claimed that the Appellants had breached the lease agreement inter
alia for refusing to honor the lease provisions concerning delay of the
commencement date in the event of uncompleted construction work.  The Appellees also claimed that Appellants
had engaged in various deceptive acts for which they were entitled to actual
damages pursuant to the TDTPA.

On June 3, 2004,
the Appellees filed a motion for an injunction and temporary restraining orders
against Appellants.  In the motion, the
Appellees stated that Appellants had threatened to take action to file a
forcible detainer action against them and the Appellees requested that the
trial court temporarily enjoin Appellants for directly or indirectly evicting
or impairing their quiet enjoyment of the premises during the pendency of their
suit.  The trial court granted temporary
restraining orders that same date, ordering Appellants Ato
cease and desist from impairing, in any manner whatsoever, in the quiet
enjoyment of Plaintiffs use of the premises located at 523 South El Paso
Street, El Paso County, Texas, including, but not by way of limitation, the
filing of a Forcible Detainer Action by the Defendants, until such time as the
parties shall appear before this Court . . . .@








On July 1, 2004,
Appellants filed a motion for dismissal and nonsuit of the temporary
restraining orders, arguing that the trial court did not have jurisdiction over
the parties involved in the forcible detainer action because the Justice of the
Peace Court, Precinct No. 3, had exclusive jurisdiction over this matter.  Appellants represented in their motion that
the Justice of the Peace had yet to hear or rule on the forcible detainer
action, therefore the Appellees=
motion for temporary restraining orders was premature.[1]  At the hearing on the motion for temporary
injunction, Appellants argued that the justice of the peace court had exclusive
jurisdiction on possession issues in the landlord-tenant dispute.[2]  On July 21, the trial court signed an order
granting the Appellees a temporary injunction, enjoining Appellants from:

[D]oing anything to interfere with the
Plaintiffs= ability
to earn a living or interfere in any manner whatsoever with Plaintiffs= quiet enjoyment of the premises
located at 523 South El Paso Street, El Paso County, Texas during the pendency
of this suit and until the trial of this case occurs, it being expressly
understood, however, that this Court does not enjoin the Honorable Judge of
Justice of the Peace Court, Precinct 3 for El Paso County, Texas, in any manner
relative to the exercise of her jurisdiction in the case filed by Defendants in
violation of this Court=s
Temporary Restraining Order, being cause no. F304-0653, styled, Jose Dahul
Breceda and Maria de Jesus Reyes v. Jangwoo Whi and Hyangran Whi . . . .

 

Appellants now bring this appeal,
challenging the trial court=s
jurisdiction to grant the temporary injunction against them.

JURISDICTION








On appeal,
Appellants assert that the trial court erred and abused its discretion in
granting the temporary injunction because it lacked subject matter jurisdiction
over the issue of sole possession of the property, or a forcible detainer
action, which they assert was an issue within the exclusive jurisdiction of the
justice of the peace court.  The
Appellees argue in response that Appellants=
complaint is without merit because the trial court=s
order does not restrain them from pursuing their forcible detainer action in
the justice of the peace court.  We
agree.

Jurisdiction of
forcible detainer actions is expressly given to the justice court of the
precinct where the property is located and on appeal, to the county court for a
trial de novo.  See Tex.Prop.Code Ann. ' 24.004 (Vernon 2000); Ward v.
Malone, 115 S.W.3d 267, 269 (Tex.App.--Corpus Christi 2003, pet. denied); Aguilar
v. Weber, 72 S.W.3d 729, 731 (Tex.App.--Waco 2002, no pet); Home Sav.
Ass=n v.
Ramirez, 600 S.W.2d 911, 913 (Tex.Civ.App.--Corpus Christi 1980, writ ref=d n.r.e.).  In cases for forcible entry or for forcible
detainer under Sections 24.001-24.008 of the Texas Property Code, Athe only issue shall be as to the right
to actual possession; and the merits of the title shall not be adjudicated.@ 
Tex.R.Civ.P. 746.  Therefore, the sole issue in a forcible
detainer action is who has the right to immediate possession of the
premises.  Rice v. Pinney, 51
S.W.3d 705, 709 (Tex.App.--Dallas 2001, no pet.).  Because a forcible detainer action is not
exclusive, but cumulative, of any other remedy that a party may have in the
courts of this state, forcible detainer actions in justice court may be brought
and prosecuted concurrently with any other possessory action, such as an action
of trespass to try title, in the district court.  See id. at 709; Haith v. Drake,
596 S.W.2d 194, 196-97 (Tex.Civ.App.--Houston [1st Dist.] 1980, writ ref=d n.r.e.).  








Where the right to
immediate possession necessarily requires resolution of a title dispute,
however, the justice court has no jurisdiction to enter a judgment and may be
enjoined from doing so.  Rice, 51
S.W.3d at 709; Haith, 596 S.W.2d at 196. 
As explained in Slay v. Fugitt, 302 S.W.2d 698
(Tex.Civ.App.--Dallas 1957, writ ref=d
n.r.e.), the district court has general jurisdiction to try the same right of
possession, while the justice court is not authorized to adjudicate title to
land.  Slay, 302 S.W.2d  at 701. 
When both title and possession are involved, a district court suit to
try title Atakes
precedence and may be maintained concurrently with a Justice Court action in
forcible entry and detainer, even to restraint of proceedings of the latter
court.  But when the sole matter involved
is one of possession, the District Court has no authority to restrain by
injunction a trial of the same issue in Justice Court.@  Id. at 701.  








Appellants contend
that the trial court lacked subject matter jurisdiction because only the
justice of the peace court had jurisdiction to hear and rule on issues of sole
possession.  We agree that a justice of
the peace court has exclusive jurisdiction over forcible entry and detainer
actions under the Texas Property Code, however, the justice of the peace court
does not have exclusive jurisdiction to determine the right of possession of
real property, a question which may be determined in a trespass to try title
action for instance.  See McCloud v.
Knapp, 507 S.W.2d 644, 647 (Tex.Civ.App.--Dallas 1974, no writ); Slay,
302 S.W.2d at 701.  In the Appellees pleadings,
they sought to enjoin Appellants from proceeding with a forcible detainer
action or eviction suit.  If the sole
issue in the forcible detainer action was one of possession, then the trial
court would have clearly erred in issuing an injunction against Appellants to
enjoin them from prosecuting their forcible detainer suit.  See Slay, 302 S.W.2d at 701.  However, this was not the case.  The trial court=s
order does not proscribe Appellants from pursuing their forcible detainer
action.  Contrary to Appellants= contentions, we conclude that the
trial court did not lack subject matter jurisdiction in this case.  Appellants have not challenged the trial
court=s
temporary injunctive order in any other regard. 
We overrule their sole issue on appeal and affirm the trial court=s order.

 

February
24, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.











[1]
In their brief, Appellants inform this Court that on July 15, 2004, the Justice
of the Peace Court, Precinct No. 3, El Paso County, ruled in their favor in the
forcible detainer action they instituted to recover possession of the leased
premises.





[2]
Apparently, the trial court conducted a prior hearing on the motion for
injunction on June 29, 2004.  No
transcription of that hearing is included in the record presented to this
Court.