In the
 Missouri Court of Appeals
 Western District
 JACK MURPHY, )
 )
 Respondent, ) WD83885 Consolidated with
 ) WD83903
 v. )
 ) OPINION FILED: July 27, 2021
 NEIL STEINER, ET AL., )
 )
 Appellants. )

 Appeal from the Circuit Court of Jackson County, Missouri
 The Honorable Joel P. Fahnestock, Judge

 Before Division Four: Cynthia L. Martin, Chief Judge, Presiding, Gary D. Witt, Judge
 and Edward R. Ardini, Jr., Judge

 Neil Steiner ("Mr. Steiner") and Deborah Steiner ("Ms. Steiner") (collectively "the

Steiners") appeal from the trial court's entry of summary judgment which awarded

possession of real property located at 500 Northwest 36th Street Terrace in Blue Springs,

Missouri and monetary damages to Jack Murphy ("Murphy"), as agent and owner of

Dahle's Property Solutions, LLC ("Dahle's Property Solutions"), on a theory of unlawful

detainer. Because the trial court's judgment failed to resolve all issues between the parties,

it is not final for purposes of appeal, and the appeal is dismissed.
 Factual and Procedural History1

 The Steiners executed a lease agreement dated October 2, 2019, ("Lease") for

property located at 500 Northwest 36th Street Terrace, Blue Springs, Missouri

("Property"). The Lease form was blank in the section calling for identification of the

"landlord." However, where the Lease required identification of the "rent payment and

notice address," Murphy was named. The Lease described a lease term of two months,

from October 1, 2019, through November 30, 2019, and required the payment of rent in

the amount of $800 for the month of October, and $1,000 for the month of November.

 Paragraph 6 of the Lease addressed renewal of the lease term. It provided: "The

lease term will automatically renew month-to-month unless either party gives at least 45

days written notice of termination." The Lease thus converted to a month-to-month written

lease agreement on December 1, 2019.

 On November 12, 2019, Murphy filed a petition for unlawful detainer pursuant to

Chapter 5342 against the Steiners in the associate division of the Jackson County Circuit

Court ("Petition"). The Petition named Murphy in his individual capacity as the plaintiff.

On this date, the Lease was still in effect, and no notice to terminate the Lease giving at

least forty-five days' notice had been sent to the Steiners. The Petition did not refer to the

 1
 When reviewing the grant of a motion for summary judgment, "[w]e view the record in the light most
favorable to the party against whom the judgment was entered and accord the non-movant all reasonable inferences
from the record." Traweek v. Smith, 607 S.W.3d 779, 784 (Mo. App. W.D. 2020). We have compiled the factual
and procedural background from the uncontroverted facts identified in the summary judgment pleadings and from
the procedural history of the case found in court records.
 2
 All statutory references are to RSMo 2016, as supplemented through the date of the Petition, unless
otherwise indicated.

 2
Lease, and was instead grounded in a theory that the Steiners had held over in possession

of the Property after it was foreclosed.3

 The Steiners filed a response to the Petition and alleged that they had not violated

the terms of the Lease because "Jack P. Murphy is not the owner" of the Property and

because they "had no lease with Jack Murphy."4 The answer did not expressly enumerate

a counterclaim, but sought affirmative relief in the amount of $1 million in compensatory

damages, $250,000 in damages, and $1,600 for previously paid rent, based loosely on

allegations that Murphy had tried to evict the Steiners from the Property even though they

had a Lease and had paid rent required by the Lease, and that Murphy was not the owner

of the Property. The Steiners made demand for a jury trial.

 On December 17, 2019, Murphy filed a motion seeking leave to file an amended

petition ("First Amended Petition"). In the motion, Murphy acknowledged that the Petition

failed to address that the Steiners were in possession of the Property pursuant to the Lease,

and instead had improperly alleged that the Steiners were in holdover possession of the

Property following a foreclosure. Leave to file the First Amended Petition was granted on

December 19, 2019. The First Amended Petition again named Murphy as plaintiff in his

individual capacity, and alleged a claim for unlawful detainer. The First Amended Petition

alleged that the term of the Lease expired on November 30, 2019. However, on the date

 3
 The Property was sold at a foreclosure sale on August 30, 2019, to Murphy, as agent and owner of Dahle's
Property Solutions, for $115,619. The Steiners owned and occupied the Property at the time of its foreclosure.
 4
 The Steiners' response referenced one person named "Jack Murphy," born in 1978 and named as the
plaintiff on the trial court's case information sheet, and another person named "Jack P. Murphy," born in 1960.
According to the Steiners' response, they signed a lease with "Jack P. Murphy" and gave him two checks for rent.
The Steiners asserted in their response that they did not sign a lease with "Jack Murphy."

 3
the First Amended Petition was filed, the Lease had converted, by its terms, to a month-to-

month written lease agreement, and no notice to terminate the Lease giving at least forty-

five days' notice had been provided to the Steiners.

 On December 20, 2019, Murphy filed a motion to strike the Steiners'

"counterclaim," which had been filed by the Steiners in response to the Petition. The

motion to strike argued that counterclaims cannot be asserted in response to an unlawful

detainer action. In the same motion, Murphy also argued that the Steiners were not entitled

to a jury trial because the right to a jury trial had been waived in the Lease.

 On January 23, 2020, Murphy served the Steiners with a notice terminating the

Lease, effective March 16, 2020. The notice terminating the Lease demanded that the

Steiners remove themselves and surrender peaceful possession of the Property by no later

than March 16, 2020. The Steiners received the notice terminating the Lease, but did not

vacate the Property after the Lease terminated on March 16, 2020.

 On January 24, 2020, Murphy sought leave to file another amended petition

("Second Amended Petition"), requesting "permission to amend to proceed on a rent and

possession case rather than the current unlawful detainer case." In the motion seeking leave

to amend, Murphy stated that he was the "[l]andlord of the property at issue," but also

stated that the Property was owned by Dahle's Property Solutions. The proposed Second

Amended Petition identified the plaintiff as "Jack Murphy as Agent for the Owner Dahle's

Property Solutions, LLC."

 The trial court granted Murphy leave to file the Second Amended Petition on

April 14, 2020. The Second Amended Petition alleged two claims. Count One was a claim

 4
for rent and possession, pursuant to Chapter 535, that identified the Lease and the Steiners'

obligation to pay monthly rent in the amount of $1,000. Count One alleged that the Lease

provided for the payment of late charges and attorney's fees should the Steiners "fail to pay

rent in accordance with the terms of the [Lease]." Count One also alleged that the Steiners

owed "$6,000.00 in past due rent" and "$955.00 in late charges." Finally, Count One

alleged that "after demand has been made," the Steiners have "failed and refused to pay the

balance due and remain in possession of the [Property]."

 Count Two of the Second Amended Petition was a claim for unlawful detainer

pursuant to Chapter 534. Count Two alleged that the Steiners were provided with "written

notice terminating their rights to possession of the [Property]," and attached the written

notice terminating the Lease effective March 16, 2020. Count Two alleged that despite

termination of the Lease, the Steiners remained in possession of the Property, which has a

reasonable rental value of $1,000 a month. Count Two alleged that the Steiners owed

"$4,516.16 in lost rent and $815.00 in late fees while [the Steiners] were lawfully in

possession, which accrued prior to the expiration of the notice terminating possession."

Count Two also alleged that the Steiners owed "$2,967.74 in statutory damages and will

owe statutory damages of $2,000 for each month during the pendency of this action."

Finally, Count Two alleged that the Steiners "owe Plaintiff attorney fees," without

specifying the origin of the obligation to pay attorney's fees.

 5
 On April 14, 2020, the trial court5 entered a scheduling order which, among other

things, set a deadline for filing dispositive motions of May 15, 2020. In the same order,

the trial court set the matter for trial on June 29, 2020.

 On May 19, 2020, Murphy, as agent for Dahle's Property Solutions, filed a motion

for summary judgment. The motion sought the entry of judgment as a matter of law on the

unlawful detainer claim. In the statement of uncontroverted facts that accompanied the

motion for summary judgment, Murphy alleged that the Property had been foreclosed; that

Murphy as agent for Dahle's Property Solutions was the successful purchaser at the

foreclosure sale and was thus the owner of the Property; that the Steiners executed the

Lease; that the Lease was for a term "from October 1, 2017 [sic] to November 30, 2017

[sic]"; that paragraph 6 of the Lease provided that the Lease would thereafter convert to a

month-to-month Lease unless terminated on at least forty-five days' notice; that a notice to

terminate the Lease was served on the Steiners that provided at least forty-five days' notice

of termination of the lease on March 16, 2020; that the notice to terminate the Lease was

received by the Steiners, but they refused to vacate the Property after the Lease terminated

on March 16, 2020; that Murphy as agent for Dahle's Property Solutions is "entitled to

recover its attorneys' fees and costs" from the Steiners, referencing paragraph 40 of the

Lease; and that Murphy as agent for Dahle's Property Solutions had incurred attorney's fees

and costs as reflected on an attached affidavit. The statement of uncontroverted facts did

not otherwise address or calculate the amount of statutory damages that should be awarded

 5
 The matter was transferred to the circuit division of the Jackson County Circuit Court at some point after it
was filed.

 6
for the Steiners' unlawful detainer of the Property after the Lease was terminated effective

March 16, 2020.

 On May 22, 2020, the trial court entered an order disposing of several pending

motions, including numerous motions filed by the Steiners that, using various terminology,

sought to dismiss the case based on challenges to the validity of the foreclosure sale, and

that challenged who actually owned the Property. All of the Steiners' pending motions

were denied by the May 22, 2020 order. In the same order, the trial court also denied

Murphy's motion to strike the Steiners' counterclaim and request for a jury trial, and set the

matter for jury trial on October 19, 2020.

 The Steiners filed pleadings in response to Murphy's motion for summary judgment,

but never challenged or controverted, in the manner required by Rule 74.04(c)(2), 6 the

statement of uncontroverted facts filed in support of the motion for summary judgment.

Instead, the Steiners' alleged additional facts and referred to various exhibits to argue: (1)

that Dahle's Property Solutions, not Murphy, purchased the Property at the foreclosure sale;

(2) that the registered addressed for Dahle's Property Solutions is in Lake Lotawana,

Missouri at an address registered to Robert Clifton; (3) that the record contains

discrepancies as to when the foreclosure sale took place; (4) that Murphy's affidavit was

notarized when attorneys' offices were closed to the public due to the COVID-19 pandemic;

(5) that, contrary to the successor trustee's deed under foreclosure, Dahle's Property

Solutions used a mortgage loan to purchase the Property, not cash; and (6) that "Alpha Title

 6
 All rule references are to the Missouri Supreme Court Rules (2020), unless otherwise indicated.

 7
filed the document as an accommodation." The Steiners' responsive pleading argued that

they remained the owners of the Property because the foreclosure was not valid as it did

not occur on the date published, and because the Property was not insured by a title

company. The Steiners' responsive pleading also claimed that Murphy represented himself

to be the owner of the Property, not the agent of the Dahle's Property Solutions, causing

the Steiners to improperly pay rent to Murphy.7

 The trial court entered a judgment ("Judgment") granting the motion for summary

judgment on June 26, 2020. The Judgment concluded that the Steiners did not comply with

Rule 74.04(c)(2) in responding to the motion for summary judgment, and that all of the

uncontroverted facts were thus deemed admitted. The Judgment then found that the

uncontroverted facts established that Murphy, as agent and owner of Dahle's Property

Solutions, was entitled to a judgment in unlawful detainer against the Steiners.

 The Judgment concluded that Murphy, as agent and owner of Dahle's Property

Solutions, "has sustained damages by reason of [the Steiners'] unlawful detainer for the

reasonable rental value of the Property from the date of the termination notice until

restitution be made, said damages to be doubled in accordance with Missouri Statute

Section 534.330." The Judgment also concluded that "[p]ursuant to the terms of the Lease

Agreement, the rental value of the Property is $1,000.00 per month." The Judgment thus

concluded that Murphy, as agent and owner of Dahle's Property Solutions "is owed

 7
 The trial court's later grant of the motion for summary judgment noted that all of the additional facts and
allegations raised by the Steiners in response to the motion for summary judgment were either "not material,
contradicted by authenticated exhibits, or supported by unauthenticated exhibits."

 8
$4,967.74 in statutory damages for March 17, 2020 - May 2020."8 Finally, the Judgment

concluded that "[p]ursuant to the terms of the Lease Agreement, [Murphy, as agent and

owner of Dahle's Property Solutions] is entitled to recover its attorney's fees," which the

trial court found to be $5,325.50 based on the affidavit attached to the motion for summary

judgment.9 The Judgment thus entered judgment in favor of Murphy, as agent and owner

of Dahle's Property Solutions, and against the Steiners, "in the amount of $4,967.74 in

statutory damages and $5,325.50 in attorney's fees."

 On July 1, 2020, Murphy filed a motion for judgment nunc pro tunc, asking the trial

court to include a finding that Murphy, as agent of Dahle's Property Solutions, was entitled

to an award of possession of the Property. The trial court denied the motion for judgment

nunc pro tunc on July 15, 2020, but issued an amended judgment ("Amended Judgment")

on the same day. The Amended Judgment ordered that Murphy "shall have immediate

possession of the Property," and was in all other respects identical to the Judgment.

 Neither the Judgment nor the Amended Judgment addressed the claim for rent and

possession in the Second Amended Petition, or the Steiners' affirmative claim for relief and

demand for jury trial, as to which Murphy's motion to strike had been denied.

 The Steiners paid $10,293.24 into the trial court's registry and filed this appeal.

 8
 As noted supra, there were no uncontroverted facts presented in support of the motion for summary
judgment by Murphy, as agent and owner of Dahle's Property Solutions, addressing the amount of, or a calculation
of, statutory damages for the Steiners' unlawful detainer of the Property. The origin of these findings and
conclusions in the Judgment could not, therefore, have been based on the Steiners' deemed admission of the
statement of uncontroverted facts. Though not raised by the Steiners as an issue on appeal, because we are
remanding this matter for want of a final judgment, we note this concern for the trial court's consideration, as the
Steiners' demanded a jury trial, and jury trials are permitted in unlawful detainer actions pursuant to section 534.160,
except as to matters in dispute that have been properly resolved by dispositive motion.
 9
 See infra note 11.

 9
 Finality of the Amended Judgment

 "Before addressing the merits of [this] appeal[], this Court has a duty to determine

whether it has jurisdiction." Wilson v. City of St. Louis, 600 S.W.3d 763, 765 (Mo. banc

2020). "For this Court to have jurisdiction, the [Amended Judgment] entered by the [trial]

court and appealed by the [Steiners] must have been a 'final judgment' as that phrase is

used in section 512.020(5)." Id. A final judgment eligible for appeal must either be so

because it resolves all claims against all parties, or because it is eligible for certification as

"final" under Rule 74.01(b), even though its does not dispose of all claims against all

parties. Id. at 765-66. Because the Amended Judgment was not certified as "final" for

purposes of appeal pursuant to Rule 74.01(b), we need only address whether the Amended

Judgment is a final judgment that is eligible for appeal because it in fact resolves all claims

against the parties.

 Plainly, the Amended Judgment did not resolve all claims against the parties. It did

not address or resolve the claim for rent and possession set forth in Count One of the

Second Amended Petition. Nor did it address or resolve the Steiners' affirmative claim for

relief as to which Murphy's motion to strike had been denied.

 Counsel for Murphy, as agent and owner of Dahle's Property Solutions, contended

during oral argument that the rent and possession claim asserted in the Second Amended

Petition is no bar to finality for purposes of appeal because the claim cumulatively sought

possession of the Property, the same relief sought by the claim for unlawful detainer. This

argument is difficult to reconcile, however, with the pleadings. On January 24, 2020,

Murphy, as agent and owner of Dahle's Property Solutions, sought leave to file the Second

 10
Amended Petition for the express purpose of asserting a rent and possession claim instead

of a claim for unlawful detainer. When leave was granted on April 14, 2020, the Second

Amended Petition included a claim for rent and possession which alleged unpaid rent had

accrued during the lease term (and thus prior to March 16, 2020), entitling Murphy, as

agent and owner of Dahle's Property Solutions, to a judgment against the Steiners for

damages in the amount of unpaid rent, late charges, and attorney's fees, and for an award

of possession of the Property.

 Though "possession" is a statutory remedy that can be sought in either a Chapter

535 rent and possession claim or a Chapter 534 unlawful detainer claim, the origin of the

right to possession for these claims is very different.

 To prove a case for rent and possession, Landlord need only show that Tenant
 failed to pay rent and that Landlord has made a demand for that rent. 10
 Section 535.020. An unlawful detainer action merely requires a showing that
 Tenant has occupied the premises after the lease has terminated. Section
 534.030.

Ellsworth Breihan Bldg. Co. v. Teha Inc., 48 S.W.3d 80, 82-83 (Mo. App. E.D. 2001). As

such, the right to possession available pursuant to these statutory claims is cumulative but

distinct, as it arises by virtue of the breach of a lease agreement in connection with a rent

and possession claim, and in the absence of a lease agreement in connection with an

unlawful detainer claim. Id. at 83. As a practical matter, securing an award of possession

under either statutory theory effectively forecloses the need to secure the same relief under

the other statutory theory. But the fact remains that, in this case, the Second Amended

 10
 Though the issue is not before us, the Second Amended Petition includes no allegation that written
demand was made on the Steiners for the payment of unpaid rent that accrued during the term of the Lease.

 11
Petition sought monetary damages accruing during the Lease term and pursuant to the

provisions of the Lease, for unpaid rent, late fees, and attorney's fees. When asked during

oral argument whether the rent and possession claim asserted in the Second Amended

Petition had been withdrawn or abandoned, Murphy, as agent and owner of Dahle's

Property Solutions was quick to say it had not been.11 Its pendency requires us to conclude

that the Amended Judgment is not final for purposes of appeal, as the Amended Judgment

does not resolve the pending rent and possession claim.

 In addition, the Amended Judgment does not resolve the Steiners' affirmative claim

for relief which relied on loosely alleged theories that Murphy wrongfully attempted to

evict them from the Property even though they had a Lease and were paying rent, and even

though Murphy was not the owner of the Property. Murphy's motion to strike this

affirmative claim, which Murphy characterized as a counterclaim, was denied by the trial

court, as was Murphy's motion to strike the Steiners' demand for a jury trial. We express

no opinion about the procedural or substantive merits of the Steiners' affirmative claim for

relief. But it cannot be contested that the Steiners' affirmative claim for relief remains

 11
 Counsel for Murphy, as agent and owner of Dahle's Property Solutions, took the position that the rent and
possession claim (and thus the ability to recover damages permitted by provisions of the Lease) had not been
abandoned in response to questions from this Court about the authority for including an award of attorney's fees in
the Amended Judgment, which resolved only the claim for unlawful detainer. Missouri courts follow the American
Rule requiring litigants to bear their own attorney's fees absent statutory or contractual language authorizing an
award of attorney's fees. Vogel v. Schoenberg, 620 S.W.3d 106, 116 (Mo. App. W.D. 2021). Chapter 534 expresses
no authority to award attorney's fees in an unlawful detainer action. And though the Lease expressed a right to
attorney's fees in the event of certain Lease defaults, an unlawful detainer claim necessarily assumes there is no
lease agreement in place. Davidson v. Kenney, 971 S.W.2d 896, 899 (Mo. App. W.D. 1998) (holding that there can
be no unlawful detainer action until a lease has been terminated). The award of attorney's fees included in the
Amended Judgment remains interlocutory, as we are remanding this matter for want of a final judgment. Though
this issue is not before us, the trial court is encouraged to ensure it only awards attorney's fees authorized by law.
The statement of uncontroverted fact that alleged that Murphy, as agent and owner of Dahle's Property Solutions, is
entitled to an award of attorney's fees is not a statement of fact, but is a legal assertion. Only factual assertions can
be deemed admitted for purposes of Rule 74.04(c)(2).

 12
pending, as it was neither addressed in or disposed of by the Amended Judgment. As a

result, the Amended Judgment is not final for purposes of appeal, as it does not resolve all

claims of the parties.

 Conclusion

 The Steiners' appeal is dismissed for want of a final judgment.12

 __________________________________
 Cynthia L. Martin, Judge

All concur

 12
 Before this case was submitted, counsel for Murphy, as agent and owner of Dahle's Property Solutions,
filed a motion for an award of attorney's fees on appeal. That motion was taken with the case and is hereby denied,
as no legal basis warranting the relied has been established, and because, in any event, Murphy is not the prevailing
party on appeal.
 At oral argument, Mr. Steiner referred to a newly filed Chapter 13 bankruptcy proceeding by Ms. Steiner.
We note that on January 7, 2021, Ms. Steiner filed a notice of bankruptcy filing in the underlying trial court
proceeding. We express no opinion about the extent to which that filing imposes an obligation on the trial court to
stay its proceedings following our remand of this matter.

 13