**Glen WEBER, Appellant,**

v.

**Gary DOMEL and Michael Domel, Appellees.**

No. 10–00–290–CV.

Court of Appeals of Texas, Waco.

May 30, 2001.

Vance Dunnam, Dunnam & Dunnam, Waco, for appellant.

James G. Ruiz, Michelle D. Gambino, Winstead Sechrest & Minick P.C., Austin, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

GRAY, Justice.

Glen Weber leased 4,215 acres from Roswell Land Co. The lease had a 6–month termination provision if the owner notified Weber the property had been sold. Weber was notified that 2,332 acres had been sold to Gary and Michael Domel (the Domels). The lease terminated as to the 2,332 acres on August 26, 1999.

Sale of the property closed April 1, 1999. The Domels entered upon the land and started clearing cedar trees and fence lines. They removed water troughs from the corrals. Due to the loss of fences and more importantly water, Weber had to immediately pen, transport and sell at auction some portion of his cattle at a loss of $4,040, including the cost of cowboys to help pen and transport the cattle. Weber also contends that due to the destruction of grass on 400 acres where the Domels were clearing cedars, he was unable to purchase 60 additional head of cattle for grazing this tract.

The dispute between Weber and the Domels regarding the Domels's activities on the property escalated as did the equipment involved in the operation. Ultimately Webber filed suit alleging trespass, interference with contract, negligence, and breach of contract. At trial, a directed verdict was granted on the trespass and interference with contract claims. No error is alleged as to the directed verdict. The negligence and breach of contract claims were decided by the jury.

The jury awarded $4,040 for breach of contract and $4,500 in attorney fees. The jury awarded $4,040 for negligence, and in the bifurcated portion of the trial determined the Domels's conduct was malicious and awarded Weber $25,000 against Gary Domel and $66,000 against Michael Domel. The trial court, on the Domels's motion, disregarded the jury's determination of negligence, malice, and the awards of punitive damages. Judgment was rendered for $4,040 damages, $466.72 prejudgment interest, and $4,500 for attorney fees. Weber appeals. In addition to the judgment, Weber wants the damages awarded for negligence and malice.

■ The contractual relationship of parties may create duties under both contract and tort law. *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex.1986); *Entergy Gulf States, Inc. v. Akrotex, Inc.,* 40 S.W.3d 201, 203 (Tex.App.—Beaumont 2001, no pet. h.). However, if a defendant's conduct would give rise to liability only because it breaches the parties' agreement or if the injury is only the economic loss to the subject of the contract, the action ordinarily sounds only in contract. *Southwestern Bell Tel. Co. v. De Lanney,* 809 S.W.2d 493, 495 (Tex.1991); *Jim Walter Homes, Inc.,* 711 S.W.2d at

618; *Entergy Gulf States, Inc.,* 40 S.W.3d at 203.

 Here the only damages alleged were economic damages recoverable, if at all, for a breach of contract. There was no independent tort. *See Southwestern Bell Tel. Co.,* 809 S.W.2d at 494. *See also Montgomery Ward v. Scharrenbeck,* 146 Tex. 153, 204 S.W.2d 508 (1947). The closest Weber comes to alleging and proving an independent tort is a showing that the Domels were negligent in the destruction of the grass on 400 acres by the manner in which the Domels proceeded to clear the cedar trees. Although there was no express covenant in the lease for the landowner to preserve the grass, because the express purpose of the lease was for grazing, destruction of the subject of the contract by the landowner would be a breach of the lease. *See generally* TEX. PROP.CODE ANN. § 91.004 (Vernon 1995).

 This is another example of a breach of contract case in which the jury clearly agreed that what the breaching party did was malicious. But in Texas punitive damages are not recoverable for breach of contract, no matter how malicious the breach. *Jim Walter Homes, Inc.,* 711 S.W.2d at 618; *Bellefonte Underwriters Insurance Co. v. Brown,* 704 S.W.2d 742, 745 (Tex.1986); *Amoco Production Co. v. Alexander,* 622 S.W.2d 563, 571 (Tex.1981); *City Products Corp. v. Berman,* 610 S.W.2d 446, 450 (Tex.1980). The only recoverable damages sought by Weber and awarded by the jury were the economic damages resulting from the Domels's breach of the lease agreement.

The trial court properly disregarded the jury's answers and award of damages for negligence and malice. The judgment of the trial court is affirmed.