In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-548 CV


____________________



GHOLAM HOSSEIN GHANBARI, Appellant



V.



MELINDA TRAN, d/b/a M D MARKET, Appellee






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-175,462






 MEMORANDUM OPINION 


 This is an accelerated appeal from a temporary injunction granted in favor of the
lessee of commercial real property. The lessee used the leased premises as a convenience
store. The lessor, who opened a convenience store next door to the leased premises,
maintains the trial court abused its discretion by enjoining him from operating his store. We
agree.


BACKGROUND


 In 2002, Gholam Hossein Ghanbari ("Ghanbari") leased part of a building to Melinda 
Tran and Paul D. Nguyen for use as a convenience store or beauty supply store. Tran
operated a convenience store in her leased premises at 4025 Park Street. Ghanbari used the
remainder of the building, 4015 Park, as a warehouse. 

 Several years after Tran executed the lease, she and Ghanbari had a dispute about
parking rights for their shared building. When Tran would not agree to a rent increase,
Ghanbari "fenced-in" part of the parking lot; the fence blocked access to Tran's store
entrance and prevented her customers from using the parking lot.

 In July 2005, the trial court granted Tran a temporary restraining order that required
Ghanbari to remove the fence. Then in February 2006, the trial court granted Tran a
temporary injunction that restrained Ghanbari from obstructing Tran's use of the parking lot. 

 On August 4, 2006, Tran filed an emergency motion for contempt against Ghanbari.
The motion alleged that his operation of a convenience store in the formerly vacant building
next to her business interfered with her use of the parking lot. Tran claimed that Ghanbari
violated the February temporary injunction by opening the store and using the lot. Tran
further alleged that Ghanbari had never before operated a store in the building and was
purposely operating the store to constructively evict her. Subsequently, Tran filed a verified
application for temporary injunctive relief. On December 1, 2006, the trial court granted
Tran a temporary injunction that ordered Ghanbari to close his store.

 On appeal, Ghanbari brings ten issues contesting the December 2006 temporary
injunction. We first consider issues three and four, in which Ghanbari contends the trial
court abused its discretion because Tran failed to establish the necessary prerequisites for
injunctive relief. Ghanbari argues that Tran failed to establish a probable right of recovery
in the absence of a non-competition covenant and that because she did not vacate the leased
premises, she also failed to prove she was "constructively evicted." LEASE: LACK OF COVENANT NOT TO COMPETE



 While covenants that restrict competition are restraints of trade, they have long been
a feature of commercial lease agreements. See City Prods. Corp. v. Berman, 610 S.W.2d
446, 448 (Tex. 1980) (collecting pertinent commercial lease cases). As Berman explained,
"[A] lessor may impose upon himself a covenant not to compete with the lessee. A lessor
also may, by a reasonably limiting covenant, agree that he will not use or permit the use of
his other property by others, in competition with his lessee." Id. 

 In this case, both parties agree that the lease agreement contained no covenant not to
compete. In addition, Tran presented no evidence that Ghanbari otherwise agreed not to
compete with her. Nevertheless, the trial court granted the temporary injunction based upon
Ghanbari's alleged breach of an implied covenant of quiet enjoyment. STANDARD OF REVIEW


 A party asking for a temporary injunction seeks extraordinary equitable relief. In re
Tex. Natural Res. Conservation Comm'n, 85 S.W.3d 201, 204 (Tex. 2002). The trial court
must determine whether the applicant may "preserve the status quo of the litigation's subject
matter pending a trial on the merits." Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex.
2002). "To obtain a temporary injunction, the applicant must plead and prove three specific
elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought;
and (3) a probable, imminent, and irreparable injury in the interim." Id. We may not reverse
the trial court's order granting a temporary injunction unless its decision "was so arbitrary
that it exceeded the bounds of reasonable discretion." Id.

 In its order, the trial court found that Tran had a probable right to relief because
Ghanbari breached the covenant of quiet enjoyment by operating a competing convenience
store next door to Tran's. Thus, we determine whether Tran's evidence established her
probable right of recovery under her quiet enjoyment theory. See id. at 204. 

COVENANT OF QUIET ENJOYMENT


 For purposes of this appeal, we assume but do not decide that a covenant of quiet
enjoyment is implied in a commercial convenience store lease agreement and that the tenant
may obtain injunctive relief pursuant to the covenant. To prove a breach of a covenant of
quiet enjoyment, a tenant must demonstrate that the landlord either "actually" or
"constructively" evicted her. Holmes v. P.K. Pipe & Tubing, Inc., 856 S.W.2d 530, 539
(Tex. App.-Houston [1st Dist.] 1993, no writ). Tran does not allege Ghanbari actually
evicted her. Therefore, she must rely on the doctrine of constructive eviction. See id.

 A constructive eviction occurs when (1) the landlord intends to deprive the tenant of
the use and enjoyment of the premises; (2) the landlord substantially interferes with the
tenant's use and enjoyment of the premises; (3) the landlord permanently deprives the tenant
of the use and enjoyment of the premises; and (4) the tenant abandons the premises within
a reasonable time after the landlord's act. Lazell v. Stone, 123 S.W.3d 6, 11-12 (Tex. App.-
Houston [1st Dist.] 2003, pet. denied) (finding constructive eviction occurred when landlord
changed locks on premises and informed appellee that she was no longer welcome there). (1) 

 At the injunction hearing, Tran presented evidence concerning three of the four
"constructive eviction" elements -- (1) intent; (2) substantial interference; and (3) permanent
deprivation. However, she does not contend that she abandoned the premises. Instead, Tran
asserts that by operating a convenience store next door to hers, Ghanbari destroyed her
"enjoyment of the premises" and further destroyed "the subject of the lease which is to allow
[her] to operate a convenience store and to operate it profitably." 

 To support her argument, Tran cites a grazing-rights case, Weber v. Domel, 48 S.W.3d
435 (Tex. App.-Waco 2001, no pet.). The Weber Court acknowledged that a landlord could
breach a grazing lease by negligently destroying the grass on the leased premises. 48 S.W.3d
at 437. Even if "there was no express covenant in the lease for the landowner to preserve the
grass, because the express purpose of the lease was for grazing, destruction of the subject of
the contract by the landowner would be a breach of the lease." Id. (citing, generally, Tex.
Prop. Code Ann. § 91.004 (Vernon 1995)). (2)

 Weber is distinguishable, however. The subject of the lease -- the grass -- was
actually destroyed. Here, the subject of the lease -- Tran's store -- still exists and she has
not vacated the premises. 

 As further support for her "quiet enjoyment" contention, Tran cites Breceda v. Whi,
No. 08-04-00173 CV, 2005 WL 552164, at *2-3 (Tex. App.-El Paso, Feb. 24, 2005, no pet.). 
The question in Breceda, however, was whether the trial court had jurisdiction to enjoin a
lessor. 2005 WL 552164, at *2-3. The opinion contains no analysis of a lessee's right to
quiet enjoyment of the leased premises. Id.

 Even though Tran presented evidence showing that Ghanbari's competing store
interfered with her store's profitability, she presented no evidence on abandonment. 
Generally, a lessee must prove abandonment to prevail on a quiet enjoyment theory. See
Holmes, 856 S.W.2d at 541 (finding no constructive eviction, and, thus, no breach of
covenant of quiet enjoyment when appellee presented no evidence of abandonment); see also
2616 South Loop L.L.C. v. Health Source Home Care, Inc., 201 S.W.3d 349, 358 n.7 (Tex.
App.-Houston [14th Dist.] 2006, no pet.) (noting necessity of proving abandonment). 
Without abandonment evidence, Tran cannot show she had a probable right to recover.
Therefore, she was not entitled to an order prohibiting her landlord, Ghanbari, from operating
a convenience store in their shared building. See Butnaru, 84 S.W.3d at 204. 

 Because the record before the trial court does not support its enjoining Ghanbari from
operating a competing convenience store, the trial court abused its discretion when it issued
the injunction. Accordingly, the trial court's December 1, 2006, order granting the injunction
is reversed and the injunction is dissolved. We sustain issues three and four. Because the
other issues raised would not result in greater relief, it is not necessary that we address them. 
Tex. R. App. P. 47.1.

 REVERSED.


 ____________________________

 HOLLIS HORTON

 Justice


Submitted on March 1, 2007

Opinion Delivered April 12, 2007

Before Gaultney, Kreger, and Horton, JJ. 
1. Generally, in landlord-tenant cases, a breach of the covenant of quiet enjoyment is
a defensive theory. See Lazell v. Stone, 123 S.W.3d 6, 11-12 (Tex. App.-Houston [1st Dist.]
2003, pet. denied). The typical scenario involves a landlord who seeks to collect rent still
owed when the tenant has already abandoned the property. Id. at 12. As a defense, the tenant
will claim he has no obligation to pay the remaining rent because the landlord has breached
his covenant of quiet enjoyment or has constructively evicted the tenant. Id. If the tenant
proves his claim, the tenant is excused from making further rent payments because the lease
has been effectively rescinded, and the tenant also is entitled to damages for any foreseeable
consequences of the eviction. Id. 
2. Section 91.004 provides:


 (a) If the landlord of a tenant who is not in default under a lease fails to
comply in any respect with the lease agreement, the landlord is liable to the
tenant for damages resulting from the failure.

 

 (b) To secure payment of the damages, the tenant has a lien on the
landlord's nonexempt property in the tenant's possession and on the rent due
to the landlord under the lease.


Tex. Prop. Code Ann. § 91.004 (Vernon 1995).