**Jose Dahul BRECEDA and Maria De Jesus Reyes, Appellants,**

v.

**Jangwoo WHI and Hyangran Whi, Appellees.**

No. 08–04–00173–CV.

Court of Appeals of Texas, El Paso.

Feb. 24, 2005.

Ray Gutierrez, El Paso, for appellants.

Robert Gilbert, Gilbert, Coffey & Hobson, P.C., El Paso, for appellees.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

DAVID WELLINGTON CHEW, Justice.

This is an accelerated interlocutory appeal from the granting of a temporary injunction in a breach of contract suit instituted by Appellees Jangwoo Whi and Hyangran Whi. In their sole issue, Appellants Jose Dahul Breceda and Maria De Jesus Reyes assert that the trial court had no jurisdiction to grant the temporary injunction because only the justice of the peace court has subject matter jurisdiction over issues of sole possession or a forcible detainer action. We affirm the trial court's order.

On May 25, 2004, the Appellees filed the underlying suit, asserting a breach of contract claim and a violation of the Texas Deceptive Trade Practices Act ("TDTPA"). In the original petition, the Appellees stated that on January 23, 2004, the parties entered into a commercial lease agreement for the Appellees to lease certain property owned by Appellants located at 523 South El Paso Street, El Paso, Texas. The commencement date of the lease was February 1, 2004. The Appellees alleged that they were ready, willing, and able to occupy the premises on that date, but could not due to the owners' failure to complete construction work on the premises. After a two-month delay the Appellees were able to obtain a temporary occupancy permit and a final occupancy permit in April 2004. The Appellees paid rent for April and May 2004. The Appellees allege that on April 28, 2004, they received a letter from Appellants' attorney demanding rent for February and March 2004. In their petition, Appellees claimed that the Appellants had breached the lease agreement *inter alia* for refusing to honor the lease provisions concerning delay of the commencement date in the event of uncompleted construction work. The Appellees also claimed that Appellants had engaged in various deceptive acts for which they were entitled to actual damages pursuant to the TDTPA.

On June 3, 2004, the Appellees filed a motion for an injunction and temporary restraining orders against Appellants. In the motion, the Appellees stated that Appellants had threatened to take action to file a forcible detainer action against them and the Appellees requested that the trial court temporarily enjoin Appellants for directly or indirectly evicting or impairing their quiet enjoyment of the premises during the pendency of their suit. The trial court granted temporary restraining orders that same date, ordering Appellants "to cease and desist from impairing, in any manner whatsoever, in the quiet enjoyment of Plaintiffs use of the premises located at 523 South El Paso Street, El Paso County, Texas, including, but not by way of limitation, the filing of a Forcible Detainer Action by the Defendants, until such

time as the parties shall appear before this Court...."

On July 1, 2004, Appellants filed a motion for dismissal and nonsuit of the temporary restraining orders, arguing that the trial court did not have jurisdiction over the parties involved in the forcible detainer action because the Justice of the Peace Court, Precinct No. 3, had exclusive jurisdiction over this matter. Appellants represented in their motion that the Justice of the Peace had yet to hear or rule on the forcible detainer action, therefore the Appellees' motion for temporary restraining orders was premature.[1] At the hearing on the motion for temporary injunction, Appellants argued that the justice of the peace court had exclusive jurisdiction on possession issues in the landlord-tenant dispute.[2] On July 21, the trial court signed an order granting the Appellees a temporary injunction, enjoining Appellants from:

> [D]oing anything to interfere with the Plaintiffs' ability to earn a living or interfere in any manner whatsoever with Plaintiffs' quiet enjoyment of the premises located at 523 South El Paso Street, El Paso County, Texas during the pendency of this suit and until the trial of this case occurs, it being expressly understood, however, that this Court does not enjoin the Honorable Judge of Justice of the Peace Court, Precinct 3 for El Paso County, Texas, in any manner relative to the exercise of her jurisdiction in the case filed by Defendants in violation of this Court's Temporary Restraining Order, being cause no. F304–0653, styled, *Jose Dahul Breceda and Maria*

*de Jesus Reyes v. Jangwoo Whi and Hyangran Whi....*

Appellants now bring this appeal, challenging the trial court's jurisdiction to grant the temporary injunction against them.

## JURISDICTION

■ On appeal, Appellants assert that the trial court erred and abused its discretion in granting the temporary injunction because it lacked subject matter jurisdiction over the issue of sole possession of the property, or a forcible detainer action, which they assert was an issue within the exclusive jurisdiction of the justice of the peace court. The Appellees argue in response that Appellants' complaint is without merit because the trial court's order does not restrain them from pursuing their forcible detainer action in the justice of the peace court. We agree.

■ Jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located and on appeal, to the county court for a trial *de novo*. *See* Tex.Prop.Code Ann. 24.004 (Vernon 2000); *Ward v. Malone*, 115 S.W.3d 267, 269 (Tex.App.-Corpus Christi 2003, pet. denied); *Aguilar v. Weber*, 72 S.W.3d 729, 731 (Tex.App.-Waco 2002, no pet); *Home Sav. Ass'n v. Ramirez*, 600 S.W.2d 911, 913 (Tex.Civ.App.-Corpus Christi 1980, writ ref'd n.r.e.). In cases for forcible entry or for forcible detainer under Sections 24.001–24.008 of the Texas Property Code, "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." Tex.R.Civ.P. 746. Therefore, the sole issue in a forcible detainer action is

1. In their brief, Appellants inform this Court that on July 15, 2004, the Justice of the Peace Court, Precinct No. 3, El Paso County, ruled in their favor in the forcible detainer action they instituted to recover possession of the leased premises.

2. Apparently, the trial court conducted a prior hearing on the motion for injunction on June 29, 2004. No transcription of that hearing is included in the record presented to this Court.

who has the right to immediate possession of the premises. *Rice v. Pinney,* 51 S.W.3d 705, 709 (Tex.App.-Dallas 2001, no pet.). Because a forcible detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state, forcible detainer actions in justice court may be brought and prosecuted concurrently with any other possessory action, such as an action of trespass to try title, in the district court. *See id.* at 709; *Haith v. Drake,* 596 S.W.2d 194, 196–97 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.).

Where the right to immediate possession necessarily requires resolution of a title dispute, however, the justice court has no jurisdiction to enter a judgment and may be enjoined from doing so. *Rice,* 51 S.W.3d at 709; *Haith,* 596 S.W.2d at 196. As explained in *Slay v. Fugitt,* 302 S.W.2d 698 (Tex.Civ.App.-Dallas 1957, writ ref'd n.r.e.), the district court has general jurisdiction to try the same right of possession, while the justice court is not authorized to adjudicate title to land. *Slay,* 302 S.W.2d at 701. When both title and possession are involved, a district court suit to try title "takes precedence and may be maintained concurrently with a Justice Court action in forcible entry and detainer, even to restraint of proceedings of the latter court. But when the sole matter involved is one of possession, the District Court has no authority to restrain by injunction a trial of the same issue in Justice Court." *Id.* at 701.

Appellants contend that the trial court lacked subject matter jurisdiction because only the justice of the peace court had jurisdiction to hear and rule on issues of sole possession. We agree that a justice of the peace court has exclusive jurisdiction over forcible entry and detainer actions under the Texas Property Code, however, the justice of the peace court does not

have exclusive jurisdiction to determine the right of possession of real property, a question which may be determined in a trespass to try title action for instance. *See McCloud v. Knapp,* 507 S.W.2d 644, 647 (Tex.Civ.App.-Dallas 1974, no writ); *Slay,* 302 S.W.2d at 701. In the Appellees pleadings, they sought to enjoin Appellants from proceeding with a forcible detainer action or eviction suit. If the sole issue in the forcible detainer action was one of possession, then the trial court would have clearly erred in issuing an injunction against Appellants to enjoin them from prosecuting their forcible detainer suit. *See Slay,* 302 S.W.2d at 701. However, this was not the case. The trial court's order does not proscribe Appellants from pursuing their forcible detainer action. Contrary to Appellants' contentions, we conclude that the trial court did not lack subject matter jurisdiction in this case. Appellants have not challenged the trial court's temporary injunctive order in any other regard. We overrule their sole issue on appeal and affirm the trial court's order.