NO.
12-06-00298-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

 

IN RE: IT’S THE BERRY’S,
LLC, §          ORIGINAL
PROCEEDING

RELATORS

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            In this
original proceeding, It’s The Berry’s, LLC (“Berry’s”) complains of the trial
court’s order setting the amount of the bond necessary to supersede a
judgment.  The judgment awarded Edom Corner,
LLC (“Edom”) possession of the disputed premises, costs, attorney’s fees, and
postjudgment interest.[1] 
The trial court set the amount of the bond required to supersede only
the monetary component of the judgment. 
Berry’s seeks mandamus relief contending that the trial court abused its
discretion when it declined to set a bond amount for the entire judgment.  We conditionally grant the writ.

 

Procedural
Background

            Edom filed a
forcible detainer action seeking to evict Berry’s from the premises it occupied
pursuant to a commercial lease with Edom. 
The action was filed in the Justice Court, Precinct 4, Van Zandt County,
Texas.  Berry’s filed a motion to
transfer the case to the 294th Judicial District Court of Van Zandt County (the
“district court” or the “trial court”) alleging that the issues in the case
were “matters of property ownership, possession and leasehold, which matters
are within the jurisdiction of the District Court and are between parties who
are affiliated with or owned and controlled by parties to another real property
action before the District Court.”  The
justice court granted Berry’s motion.  In
its order transferring the case to the district court, the justice court
included a finding that “the matter concerns issues within [the district court’s]
jurisdiction.”

            Following a
bench trial, the trial court on August 7, 2006 signed a judgment awarding Edom
possession of the leased premises, costs, attorney’s fees, and postjudgment
interest.  Berry’s filed a notice of
appeal to this Court.  Berry’s also filed
a motion requesting the trial court to determine the amount of the bond
necessary to supersede and suspend enforcement of the judgment pending appeal
(the “bond amount”).  On August 11, 2006,
the trial court conducted a hearing on Berry’s motion and informed the parties
that they could expect a ruling the following Monday morning (August 14, 2006).

            On August
18, 2006, Berry’s filed this original proceeding alleging that the trial court
had not ruled on its motion to determine the bond amount and interpreting the
trial court’s delay as a refusal to rule. 
Berry’s also filed a motion for emergency relief asserting that unless
the judgment was stayed, a writ of possession would issue resulting in a loss
of the subject matter of its appeal and this proceeding.  We granted the motion and stayed all
proceedings in the trial court pending this Court’s issuance of further
orders.  After we granted the stay, the
trial court issued a writ of possession and an order staying all trial court
proceedings.[2]  Three days
after our stay was issued, Edom filed a motion for reconsideration.  We granted the motion in part and modified
our stay to permit the trial court to rule on Berry’s motion to determine the
bond amount.

            On September
11, 2006, approximately three weeks after we modified our stay, Edom filed a
second motion for reconsideration.  As
grounds for this motion, Edom submitted a copy of the trial court’s order
signed on August 19, 2006 setting “the amount of the bond to supersede and
suspend enforcement of the monetary judgment pending appeal of the final judgment
. . . .”[3]  We ordered Berry’s to show cause why this
proceeding should not be dismissed as moot. 
Berry supplemented its mandamus petition stating that the trial court
set the bond amount for the monetary component of the judgment but not for the possession
component.  Therefore, Berry’s urged,
this proceeding is not moot because the issue remains whether the trial court
abused its discretion in not permitting Berry’s to supersede the entire
judgment pending appeal.  Having reviewed
Berry’s response and Edom’s reply, we conclude that this proceeding is not moot
and turn to the merits of Berry’s petition. 


 

Prerequisites
To Mandamus

            Mandamus
relief is proper only to correct a clear abuse of discretion when there is no
adequate remedy by appeal.  In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004); Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).  A trial court has no discretion in
determining what the law is or applying the law to the facts.  Walker, 827 S.W.2d at 840.  Thus, a clear failure by the trial court to
analyze or apply the law correctly is an abuse of discretion.  Id.  Generally, the right to supersede a judgment
is absolute and is not a matter within the trial court’s discretion.  See Elizondo v. Williams, 643
S.W.2d 765, 767 (Tex. App.–San Antonio 1982, no writ); see also Tex. R. App. P. 24.1(a); but see,
e.g., Tex. R. App. P. 24.2(3)
(trial court may decline to permit judgment to be superseded if for something
other than money or interest in property, provided judgment creditor posts
adequate security as ordered by trial court). 
When a party has the right to supersede a judgment, the trial court has
no discretion to refuse to fix the amount of the supersedeas bond.  Houtchens v. Mercer, 119 Tex.
431, 437-47, 29 S.W.2d 1031, 1033-37 (1930) (orig. proceeding); see also Tex. R. App. P. 24.2.  Mandamus is appropriate to compel a trial
court to set the amount of a supersedeas bond. 
See Houtchens, 119 Tex. at 447, 29 S.W.2d at 1037; Continental
Oil Co. v. Lesker, 500 S.W.2d 183, 185 (Tex. Civ. App.–Houston [1st
Dist.] 1973, orig. proceeding).

 

Forcible
Detainer

            A forcible
detainer action is a procedure to determine the right to immediate possession
of real property where there was no unlawful entry.  Tex.
Prop. Code Ann. § 24.002 (Vernon 2000); Rice v. Pinney, 51
S.W.3d 705, 709 (Tex. App.–Dallas 2001, no pet.).  Justice courts have exclusive original
jurisdiction of forcible detainer actions. 
McGlothin v. Kliebert, 672 S.W.2d 231, 232 (Tex.
1984).  Either party may appeal from a
final judgment in a forcible detainer action to the county court of the county
in which the judgment was rendered.  Tex. R. Civ. P. 749.  The appeal is by trial de novo.  Tex.
R. Civ. P. 751. 








            The sole
issue in a forcible detainer action is the right to immediate possession.  Dormady v. Dinero Land & Cattle Co.,
61 S.W.3d 555, 557 (Tex. App.–San Antonio 2001, pet. dis’md w.o.j.) (op. on reh’g);
see also Tex. R. Civ. P.
746 (sole issue in forcible detainer is right to actual possession).  “[T]he merits of the title shall not be
adjudicated.”  Tex. R. Civ. P. 746. 
Although justice courts have exclusive original jurisdiction of forcible
detainer actions, district courts have general jurisdiction to determine the
right to possession of real property.  McGlothin,
672 S.W.2d at 232; Breceda v. Whi, No. 08-04-00173-CV, 2005 WL
552164, at *2-3 (Tex. App.–El Paso 2005, no pet.).  Thus, justice courts and district courts have
concurrent jurisdiction to determine the question of possession.  McCloud v. Knapp, 507 S.W.2d
644, 647 (Tex. Civ. App.–Dallas 1974, no writ). 


            As a general
rule, district courts have sole jurisdiction to adjudicate title.[4]
Falcon v. Ensignia, 976 S.W.2d 336, 338 (Tex. App.–Corpus Christi
1998, no pet.).  If the question of title
is so integrally linked to the issue of possession that possession may not be
determined without first determining title, justice courts have no jurisdiction
to enter a judgment.  Rice,
51 S.W.3d at 709. 

            A forcible
detainer action is cumulative of other remedies, not exclusive.  Scott v. Hewitt, 127 Tex. 31,
35, 90 S.W.2d 816, 818-19 (1936). 
Therefore, the displaced party is entitled to bring a separate suit in
the district court to determine the question of title.  Villalon v. Bank One, 176
S.W.3d 66, 70 (Tex. App.–Houston [1st Dist.] 2004, pet. denied).  Forcible detainer actions in
justice courts may be brought and prosecuted concurrently with suits to try
title in district court.  Dormady,
61 S.W.3d at 558. When both title and possession are involved, a district court
suit to try title takes precedence, and the district court may restrain the
justice court proceedings by injunction until the district court has determined
title.  Breceda, 2005 WL
552164, at *3.  In this case, however, the underlying proceeding was filed
as a forcible detainer action in justice court and then transferred to the
district court.  Edom states that it
agreed to the transfer and does not contend that the transfer was
improper.  

 

Right To
Supersede The Entire Judgment

            Unless the
law or the rules of appellate procedure provide otherwise, a judgment debtor
may supersede a judgment pending appeal. 
Tex. R. App. P. 24.1(a).  When the judgment is for something other than
money or an interest in property, the trial court must set the amount and type
of security that the judgment debtor must post unless the judgment creditor
posts the security ordered by the trial court. 
Tex. R. App. P.
24.2(a)(3).  According to Berry’s, Rule
24.1(a)(3) applies here, and the trial court was required to set a bond amount
for the possession component of the judgment. 
Edom disagrees pointing out that a writ of possession issued by a county
court after a trial de novo in a forcible detainer case “shall not be suspended
or superseded in any case by appeal from such final judgment in the county
court, unless the premises in question are being used as the principal
residence of a party.”  See Tex. R. Civ. P. 755.  Berry’s counters that Rule 755 is
inapplicable because the appeal in the instant case is not from a judgment of
the county court.

            Edom calls
our attention to Texas Government Code section 24.471, which provides that the
294th District Court has concurrent jurisdiction with the county court in Van
Zandt County over all matters of civil and criminal jurisdiction, both original
and appellate.  See Tex. Gov’t Code Ann. § 24.471(b)
(Vernon 2004).  Edom acknowledges that
the original jurisdiction of a forcible detainer suit is in the justice court,
with the appeal normally being to the county court for a trial de novo.  However, Edom contends that section 24.471
establishes a “special relationship” between the county court and the district
court in Van Zandt County.  Because of
this special relationship, Edom’s argument continues, the docketing of the
forcible detainer case in the district court rather than in the county court
was proper.  Therefore, Edom concludes,
rule 755 applies, and the writ of possession cannot be superseded because the
lease in question is a commercial lease. 
We disagree.








            Section
24.471 gives the district court and the county court in Van Zandt County
concurrent jurisdiction only of those civil and criminal matters over which the
county court has jurisdiction under the constitution and laws of this state.  Id.  The jurisdiction of county courts in forcible
detainer actions is appellate only.  Tex. R. Civ. P. 749; see also McGlothin,
672 S.W.2d at 232 (justice courts have exclusive original jurisdiction of
forcible detainer actions).  It therefore
follows that under section 24.471, the concurrent jurisdiction of the county
court and the district court in forcible detainer actions would be appellate
only.  In the instant case, the justice
court did not enter a judgment in the forcible detainer action.  The district court exercised its original
jurisdiction to determine the issues raised by the parties, including the issue
of possession.  Consequently, section
24.471 is not applicable here, and the trial court was not, as Edom contends, “sitting
as a County Court in this case.”  Because
Berry’s appeal is not from a final judgment of the county court after a trial
de novo, Rule 755 does not apply, and Berry’s was entitled to supersede the
entire judgment.  Accordingly, the trial
court abused its discretion when it set a bond amount for only the monetary
component of the judgment.  

 

Conclusion

            The trial court abused its discretion
in failing to set a bond amount that allowed Berry’s to supersede the entire
August 7, 2006 judgment.  Mandamus is
appropriate to correct the trial court’s action.  See Houtchens, 119 Tex. at 447,
29 S.W.2d at 1037; Continental Oil Co., 500 S.W.2d at 185.  We therefore conditionally grant the writ of
mandamus.  We are confident, however,
that the trial court will promptly vacate its August 19, 2006 order and issue
an order setting the bond amount necessary for Berry’s to supersede the entire
judgment.  The writ of mandamus will
issue only if the trial court fails to do so within ten days of the date of
this opinion.  The stay is lifted, and all
pending motions are overruled as moot.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion delivered October 25,
2006.

Panel consisted of Worthen, C.J.,Griffith, J., and Hoyle,
J.

 

 

                                                

 

(PUBLISH)











[1] The
respondent is the Honorable Teresa Drum, Judge of the 294th Judicial District
Court, Van Zandt County, Texas.  The real
party in interest is Edom Corner, LLC.





[2] Orders
issued by a trial court after an appellate court has stayed all trial court
proceedings are void.  In re El
Paso County Commissioners Court, 164 S.W.3d 787, 787-88 (Tex. App.–El
Paso 2005, orig. proceeding).





[3] This
Court had no prior notice that the trial court had ruled on Berry’s motion to
set the bond amount.  This order was
signed two days before Edom filed its first motion for reconsideration asking
that we modify our stay to permit the trial court to rule.





[4] Justice
courts have no jurisdiction to adjudicate title to land.  Ward v. Malone, 115 S.W.3d 267,
269 (Tex. App.–Corpus Christi 2003, pet. denied).  In some counties, courts other than district
courts have jurisdiction to determine title. 
See, e.g.,  Tex. Gov’t Code Ann. § 25.2142 (Vernon
2004) (with certain exceptions not relating to determination of title to real
property, county court at law in Smith County has jurisdiction provided by
constitution and by general law for district courts).  In Van Zandt County, however, only the
district court has jurisdiction to determine title.