# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00290-CV

**Virginia Jaimes, Appellant**

**v.**

**Federal National Mortgage Association, Appellee**

### FROM THE COUNTY COURT OF LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 12-1294-CC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Virginia Jaimes appeals a trial court judgment in a forcible detainer action awarding Federal National Mortgage Association (Fannie Mae) possession of residential real property. In two related issues, Jaimes contends that the trial court lacked jurisdiction. We will affirm the trial court's judgment.

## BACKGROUND

In December 2006, Zenaida Gantan executed a deed of trust granting a first lien security interest in residential property, located at 2001 Rachel Lane, Round Rock, Texas (the Property), to America's Wholesale Lender. The deed of trust provided that:

> If the Property is sold pursuant to [a nonjudicial foreclosure sale under the deed of trust], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale.

> If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

After Gantan defaulted on the loan and failed to cure the default, the Property was sold to Fannie Mae at a non-judicial foreclosure sale on July 3, 2012. Fannie Mae received a substitute trustee's deed memorializing the conveyance. Fannie Mae, through its counsel, then sent written notice to Gantan and any current occupants or tenants residing at the Property, which included Jaimes, stating that it was terminating their tenancy-at-sufferance and instructing them to vacate the Property within three days.

When Jaimes refused to vacate, Fannie Mae filed a forcible detainer action in justice court against Gantan and all occupants of the Property. Jaimes filed an answer, motion to dismiss, and, in the alternative, plea in abatement, asserting that she, not Gantan, was the owner of the Property, that she had previously purchased the Property from a trustee of the "Williamson County 2001 Rachel Lane Family Trust" (also termed the "Gantan Family Trust") on or about July 30, 2010 and that the foreclosure at issue was wrongful and void. She advised the court that she had filed an original petition in district court against Fannie Mae complaining of wrongful foreclosure, and requested that the court dismiss or abate its proceedings until the title issues raised in the district court suit were resolved.[1] The justice court denied Jaimes's motion for dismissal and plea in abatement and ordered that Fannie Mae recover possession of the

---

[1] Jaimes's filing in the justice court indicates that she attached a copy of the district court petition as an exhibit. However, the copy in the record before this Court contains no exhibits regarding the district court and no evidence to support her assertions regarding her alleged purchase of the Property.

Property. Jaimes appealed the judgment to the county court at law. Following a de novo bench trial, the trial court rendered judgment granting Fannie Mae possession. This appeal followed.

## ANALYSIS

In two issues, Jaimes asserts that the justice and county courts lacked jurisdiction to adjudicate the forcible detainer action.[2]

**Right to possession**

A forcible detainer is a procedure to determine the right to immediate possession of real property where there is no unlawful entry. *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.). It is intended to be a speedy, inexpensive, summary procedure for obtaining possession without resorting to a suit on the title. *Id*. at 926–27 (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936)). To prevail in a forcible detainer action, a party must only show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *see also* Tex. R. Civ. P. 746 (in forcible detainer action "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated").[3] A forcible detainer action will lie when a person in possession of real property refuses to surrender possession on demand if the person is a tenant

---

[2] Although Jaimes's notice of appeal also named Gantan as an appellant, Jaimes's attorney has since advised this Court that this was an error, that he does not represent Gantan, and that her whereabouts are unknown. Nor has Gantan otherwise participated in this appeal.

[3] The Texas Supreme Court repealed Rule 746 effective August, 31, 2013, when it promulgated new rules for justice courts, but the same limitation is carried forward in Rule 510.3(e). Tex. R. Civ. P. 746, 47 Tex. B.J. 44 (1983, repealed 2013); *see* Tex. R. Civ. P. 510.3(e) ("only issue" before justice court in eviction cases is "right to actual possession and not title").

at will or by sufferance, "including an occupant at the time of foreclosure of a lien superior to the tenant's lease." *See* Tex. Prop. Code § 24.002(a)(2). To establish forcible detainer, Fannie Mae had to prove: (1) it was the owner of the property in question, (2) Jaimes was an occupant at the time of foreclosure, (3) the foreclosure was of a lien superior to Jaimes's right to possession, (4) Fannie Mae made a written demand for possession in accordance with section 24.005 of the Property Code, and (5) Jaimes refused to vacate. *See id*. §§ 24.002, .005; *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

At trial, Fannie Mae put into evidence certified copies of Gantan's deed of trust, the substitute trustee's deed granting the Property to Fannie Mae following foreclosure, and notices sent by counsel for Fannie Mae to Gantan and occupants of the Property. Jaimes did not present any evidence. The substitute trustee's deed reflected that Fannie Mae purchased the Property after Gantan defaulted under the terms of the deed of trust. The deed of trust established that " any person holding possession of the Property through [Gantan]"—i.e., Jaimes—became a tenant at sufferance when she refused to surrender possession of the Property after it was sold at a non-judicial foreclosure sale. Finally, the notices sent by Fannie Mae informed Jaimes that her tenancy was being terminated and that she was required to vacate the Property. This evidence was sufficient to establish Fannie Mae's right to immediate possession of the Property. *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198 (Tex. App.—Dallas 2011, pet. dism'd); *Williams*, 315 S.W.3d at 927; *see also Reardean v. Federal Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 WL 4487523, at *2 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.).

4

**Concurrent actions**

If determining the right to immediate possession necessarily requires resolution of a title dispute, the justice court and county court have no jurisdiction to enter a judgment. *Rice*, 51 S.W.3d at 709; *id.* at 713 (collecting cases). In most disputes, the right to title can be determined separately from the right to immediate possession, and the Texas Legislature has expressly established a system designed to decide the two issues separately. *Id.* at 710. Thus, the trial court cannot determine in a forcible detainer action whether the sale of property under a deed of trust is invalid; instead, the displaced property occupant is entitled to bring a separate suit in district court to resolve any title issues. *Id*. (citing *Scott*, 90 S.W.2d at 818–19).

In her first issue, Jaimes argues that once she filed suit in district court, the justice and county courts were required to abate the forcible detainer action until the district court suit is concluded. The Texas Supreme Court held in *Scott v. Hewitt* that a forcible detainer action is "not exclusive, but cumulative" of other remedies that a party may have, thus a party may pursue both a forcible detainer action in justice court and a suit to quiet title in district court. *Scott*, 90 S.W.2d at 819. In the subsequent decades, appellate courts—including this Court—have relied on *Scott* to hold that forcible detainer actions in justice court may be prosecuted concurrently with title disputes in district court. *See, e.g.*, *Kassim v. Carlisle Interests, Inc.*, 308 S.W.3d 537, 541 (Tex. App.—Dallas 2010, no pet.); *Breceda v. Whi*, 224 S.W.3d 237, 240 (Tex. App.—El Paso 2005, no pet.); *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 558 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) (op. on reh'g) (citing *Haith v. Drake*, 596 S.W.2d 194, 196–97 (Tex. Civ.

5

App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.)); *see also Young Women's Christian Ass'n of Austin, Tex. v. Hair*, 165 S.W.2d 238, 241–42 (Tex. Civ. App.—Austin 1942, writ ref'd w.o.m.).

Although *Scott* did not specifically address whether or not a forcible detainer case could proceed while a separate suit was pending in the district court, nothing in its language suggests the restrictive reading that Jaimes seeks to impose. On the contrary, *Scott* observed that the legislature intended forcible detainer proceedings to be "a summary, *speedy*, and inexpensive remedy for the determination of who is entitled to possession of premises." 90 S.W.2d at 818–19 (emphasis added). Permitting parties to abate forcible detainer actions simply by filing suit in district court would frustrate that legislative intent. *See Rice*, 51 S.W.3d at 711 ("To hold . . . that the filing of a concurrent suit in district court challenging the validity of the substitute trustee deed precludes a forcible detainer suit in justice court would ignore the long-established legislative scheme of parallel resolution of immediate possession and title issues."); *see also In re Mandola*, No. 03-11-00816-CV, 2012 WL 43365, at *1–2 (Tex. App.—Austin Jan. 4, 2012, orig. proceeding [mand. denied]) (mem. op.) (observing that an "eviction suit may be brought and prosecuted at the same time as a suit to try title in a district court"). We overrule Jaimes's first issue.

**Questions of "title"**

In her second issue, Jaimes argues that the justice and county courts lacked jurisdiction to resolve the forcible detainer action because a landlord-tenant relationship was not established and a title dispute existed that needed to be resolved before the court could decide the issue of possession.

6

As discussed above, the deed of trust at issue contained a provision that created a landlord-tenant relationship between the purchaser at a foreclosure sale—i.e., Fannie Mae—and Gantan "or any person holding possession of the Property through" Gantan—i.e., Jaimes. In *Rice v. Pinney*, the Dallas Court of Appeals held that a landlord-tenant relationship created by a nearly-identical provision "provided an independent basis on which the trial court could determine the issue of immediate possession without resolving the issue of title to the property." 51 S.W.3d at 712.[4] Jaimes argues that *Rice* is distinguishable because there the homeowners "*agreed* that a foreclosure pursuant to the deed of trust established a landlord and tenant-at-sufferance relationship," *see id.* (emphasis added), whereas she does not concede that a landlord and tenant relationship exists

---

[4] The Dallas Court of Appeals distinguished its holding from that in *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 170–71 (Tex. App.—Houston [1st Dist.] 1995, writ denied), in which the Houston Court of Appeals concluded that a homeowner raised an issue of title that deprived the justice and county courts of subject-matter jurisdiction after a note holder sued to enforce a "builder's and mechanic's lien contract." The Dallas court observed that the contract in *Mitchell* did not create any type of landlord-tenant relationship or provide any other independent basis on which the trial court could decide the immediate possession issue. *Rice v. Pinney*, 51 S.W.3d 705, 711–13 (Tex. App.—Dallas 2001, no pet.) (citing *Mitchell*, 911 S.W.2d at 170–71).

In her appellant's brief, Jaimes argues that *Rice* "appears to be contradicted both by earlier Dallas Appeals Court and Supreme Court precedent," but is in fact reconcilable on the grounds that the homeowners explicitly agreed that a foreclosure pursuant to the deed of trust established a landlord and tenant-at-sufferance relationship. However, in her reply brief, she describes *Rice* as "irrelevant," "wrongly decided, and inconsistent both with *Mitchell* and with controlling Supreme Court precedent." We have previously relied on the analysis in *Rice*, *see, e.g.*, *Reardean v. Federal Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 WL 4487523, at *2–3 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.); *Rodriguez v. Citimortgage, Inc.*, No. 03-10-00093-CV, 2011 WL 182122, at *2–3 (Tex. App.—Austin Jan. 6, 2011, no pet.) (mem. op.), and we note that the First Court of Appeals, which decided *Mitchell*, has similarly endorsed *Rice*. *See, e.g.*, *Black v. Washington Mut. Bank*, 318 S.W.3d 414, 417–18 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.). Jaimes fails to offer a compelling argument why we should not continue to apply the *Rice* analysis here.

7

between herself and Fannie Mae. She maintains that although the Deed of Trust "purports" to create such a relationship, it only does so "under particular circumstances," i.e., when a party strictly complies with the contractual terms relating to the foreclosure process.

Generally, arguments concerning the propriety of the foreclosure sale are beyond the scope of a forcible detainer suit. *See* Tex. R. Civ. P. 746 ("the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated"); *Rice*, 51 S.W.3d at 709. However, if the question of title is so intertwined with the issue of possession that the two issues cannot be decided separately, then possession may not be adjudicated without first determining title. *See Dormady*, 61 S.W.3d at 557.

Jaimes argues that Fannie Mae did not establish that it complied with the foreclosure process because it failed to present evidence "connecting the dots" in its chain of title, thus negating the landlord-tenant provision in the deed of trust, and raising a question of title that must be adjudicated before the court could reach the question of possession. For support, she relies on *A Plus Invs., Inc. v. Rushton*, No. 02-03-00174-CV, 2004 WL 868866 (Tex. App.—Fort Worth Apr. 22, 2004, no pet.) (mem. op.), an unpublished memorandum opinion from the Fort Worth Court of Appeals. The court in *Rushton* held that a party failed to "connect the dots" concerning the security instrument's requirement for court-ordered foreclosure and, therefore, the county court lacked jurisdiction because it would have been required to determine the issue of title to resolve the right to immediate possession. *Id.* at *2–3. However, we recently distinguished *Rushton* in *Reardean*—a similar forcible detainer case—on the grounds that *Rushton* involved the unique constitutional requirements related to home equity security instruments. *See Reardean*, 2013 WL 4487512,

at *2–3.[5] On the other hand, in *Reardean*—as in the present case—"the foreclosure pursuant to the deed of trust created a landlord and tenant-at-sufferance relationship . . . [t]hus, it was not necessary for the trial court to resolve the title dispute to determine the immediate right of possession." *Id*. at *3 (collecting cases for principle that challenges to the chain of title shall not be adjudicated in a forcible detainer action). We conclude that *Rushton* is inapplicable here for the same reason it did not apply in *Reardean*.

Jaimes also relies on *Chinyere v. Wells Fargo Bank, N.A.*, No. 01-11-00304-CV, 2012 WL 2923189, at *3–5 (Tex. App.—Houston [1st Dist.] July 12, 2012, no pet.), in which the First Court of Appeals concluded that the trial court lacked subject-matter jurisdiction over a forcible detainer proceeding. Jaimes suggests that the deed of trust in *Chinyere* contained a similar landlord-tenant provision and that the court concluded, despite that provision, that the lender failed to establish a basis for its claimed possession rights. However, the court explicitly found no such provision: "We have examined both the Deed of Trust and the Substitute Trustee's Deed . . . *and neither one contains language creating a landlord-tenant relationship*." *Id*. at *5 (emphasis added). Accordingly, there was "no independent basis aside from [the lender's] claim that it ha[d] superior title rights." *Id*. Here, Fannie Mae presented the evidence that was lacking in *Chinyere*—a deed of trust provision creating a landlord-tenant relationship upon foreclosure.

In sum, Jaimes has provided no authority for her argument that alleged defects in the foreclosure process[6] can be used either to negate a landlord-tenant relationship provision in a deed

---

[5] We note that Jaimes and the Reardeans share the same appellate counsel.

[6] Jaimes alleged other defects in the foreclosure process, including an alleged failure to provide notice of acceleration of the underlying note prior to foreclosure. Again, issues concerning

9

of trust or to raise a question of title depriving the justice or county courts of jurisdiction to resolve the question of immediate possession.

Additionally, Jaimes argues that she raised a question of title based on her claim to title through her alleged purchase of the Property from the "Gantan Family Trust." However, Jaimes presented no evidence to establish that she possessed title to the Property. As Fannie Mae notes, "[s]pecific evidence of [a] title dispute is required to raise an issue of a justice court's jurisdiction," and if a party fails to present "specific evidence to raise a genuine title dispute, the jurisdiction of the court [is] never at issue." *Yarto v. Gilliland*, 287 S.W.3d 83, 92 (Tex. App.—Corpus Christi 2009, no pet.) (quoting *Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.)); *see also Higginbotham v. Ferguson*, No. 03-99-00011-CV, 1999 WL 1124656, at *2 (Tex. App.—Austin Dec. 9, 1999, no pet.) (mem. op.).

Jaimes presented no evidence to support her claim to superior title—either through a purported purchase from the "Gantan Family Trust" or otherwise. In fact, Jaimes presented no evidence at all. The only references to her alleged purchase of the Property were made in her motion to dismiss and plea in abatement, her reply brief, and by her counsel at trial. None of these constitute evidence on which the trial court could base its decision.[7] *See, e.g.*, *Laidlaw Waste Sys. (Dallas),*

the propriety of the foreclosure process are beyond the scope of a forcible detainer action, *see* Tex. R. Civ. P. 746, and generally do not deprive a court of jurisdiction to resolve the issue of immediate possession. *See, e.g.*, *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198–99 (Tex. App.—Dallas 2011, pet. dism'd); *Rodriguez*, 2011 WL 182122, at *3 ("[T]he substance of her argument is an attack on the validity of the foreclosure and sale through which Citimortgage acquired the property—a challenge to Citimortgage's title that cannot be raised in this proceeding.").

[7] Jaimes argues that the assertions of ownership made by counsel at trial constituted specific evidence of a title dispute. She relies on *Yarto v. Gilliland*, which held that "specific evidence" consists of "nothing more than the various assertions that comprise a party's title claim . . . ."

10

*Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) ("Generally, pleadings are not competent evidence, even if sworn or verified."); *In re D.A.P.*, 267 S.W.3d 485, 488 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (observing that "arguments in briefs are not evidence"); *Daugherty v. Jacobs*, 187 S.W.3d 607, 619 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (observing that "unsworn statements by counsel are not evidence").

We conclude that the courts below had authority to adjudicate the forcible detainer action. We overrule Jaimes's second issue.

## CONCLUSION

We affirm the trial court's judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed: December 4, 2013

---

287 S.W.3d 83, 93 (Tex. App.—Corpus Christi 2009, no pet.). However, the assertions in *Yarto* found to constitute "specific evidence" of a title dispute were properly presented in the form of admissible evidence. *See id*. at 94 (observing that the defendants "formally evidenced their claim . . . through a joint stipulation of facts and [one of the defendant's] testimony").

11