# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00002-CV

**Robert Norton, Appellant**

**v.**

**Camtu Phan, Appellee**

### FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 20-1075-C368, THE HONORABLE RICK J. KENNON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Robert Norton sued his landlord, Camtu Phan, in district court for breach of contract, fraud, fraudulent inducement, and intentional infliction of emotional distress. Phan filed a trespass counterclaim and a motion for an injunction against Norton. Norton appeals the district court's grant of: (1) Phan's no-evidence summary-judgment motion dismissing Norton's claims; (2) Phan's traditional summary-judgment motion on Phan's trespass claim and related temporary and permanent injunctions; and (3) Phan's attorney's fees. We affirm the district court's judgments on Phan's traditional summary-judgment motion and permanent injunction but reverse the trial court's grant of the no-evidence summary judgment and remand for further proceedings consistent with this opinion.

**BACKGROUND**

On March 19, 2019, Norton and Phan executed a one-year residential lease agreement for a property owned by Phan in Round Rock. The lease term was from April 5, 2019, to April 30, 2020. Phan declined to extend the lease period. Norton did not vacate the property when the lease expired. On July 23, 2020, Norton sued Phan in district court, alleging breach of contract, fraud, fraudulent inducement, and intentional infliction of emotional distress.

In April 2021, the district court granted Phan's no-evidence motion for summary judgment, dismissing Norton's claims and noting in the order that the only remaining issue in the case was the calculation of attorney's fees. In October 2021, Phan filed a petition asserting a counterclaim for trespass and requesting a temporary injunction. The district court granted Phan's temporary injunction, which prohibited Norton from occupying the rental property.

Phan filed a traditional motion for summary judgment regarding her trespass claim and requesting a permanent injunction. Norton did not file a response but did attend the pretrial hearing, which included discussion of the motion for summary judgment and the injunction. After the hearing, the district court granted Phan's summary-judgment motion and request for permanent injunction. The district court also awarded Phan her attorney's fees related to defending against Norton's claims. Norton appealed the final judgment.

**DISCUSSION**

In his pro se appellate brief, Norton states that he "simply seeks all orders of [the district] court reversed by this Appeals Court based on the many errors and clear showing of bias . . . ." His brief presents two lists of nine issues each, which include some overlap, and together raise thirteen separate issues. He also asserts that the lists are "not comprehensive and limited to

2

the most serious issues to reverse this judge's orders." However, because appellants bear the burden of identifying and discussing their assertions of error, we will only address the alleged errors that Norton has identified. *See Martinez v. El Paso Cnty.*, 218 S.W.3d 841, 844 (Tex. App.— El Paso 2007, pet. struck) ("An appellate court has no duty to perform an independent review of the record and applicable law to determine whether there was error.").

Norton generally fails to present substantive arguments or cite to relevant authorities. *See* Tex. R. App. P. 38.1(i) (requiring appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). Pro se litigants must comply with all rules applicable to licensed attorneys. *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). However, we construe pro se filings "liberally and with patience 'so as to obtain a just, fair and equitable adjudication of the parties' rights.'" *Housing Auth. of City of Austin v. Elbendary*, 581 S.W.3d 488, 491 n.1 (Tex. App.—Austin 2019, no pet.) (quoting *Veigel v. Texas Boll Weevil Eradication Found., Inc.*, 549 S.W.3d 193, 195 n.1 (Tex. App.—Austin 2018, no pet.)). In the interest of justice, we will address Norton's issues, as best we can, based on his arguments. *See Onkst v. Onkst*, No. 03-15-00636-CV, 2017 WL 2628245, at *2 (Tex. App.— Austin June 16, 2017, no pet.) (mem. op.) (deciding to address "pro se issues 'as best we can' in the interest of justice" (quoting *Forbes v. Forbes*, No. 03-15-00130-CV, 2016 WL 612175, at *4 (Tex. App.—Austin Feb. 12, 2016, no pet.) (mem. op.))).

Reading Norton's brief liberally and renumbering his claims to combine his two lists into one set of issues, we understand him to raise thirteen issues on appeal. Norton contends: (1) that the district court was without jurisdiction to hear Phan's counterclaim for trespass and associated injunction requests because only justice of the peace courts may hear a forcible entry and detainer suit pursuant to Texas Property Code Section 24.004, s*ee generally* Tex. Prop. Code

3

§§ 24.001–.011 (addressing cause of action for forcible entry and detainer); (2) that the district court erred by denying him "extra time for discovery;" (3) that the trial court abused its discretion when it granted Phan's no-evidence summary judgment that disposed of Norton's claims because there were disputed facts and opposing counsel refused to cooperate during discovery; (4) that the district court erred when it allowed Phan to file her counterclaim fourteen months into the case "after the deadline for a counterclaim had expired" in violation of Rule 47 of the Texas Rules of Civil Procedure; (5) that the district court erred by allowing Phan to raise her counterclaim after the first summary judgment was decided; (6) that the district court erred when it granted Phan's temporary injunction; (7) that the district court erred when it granted Phan's injunction because she did not show irreparable harm, but rather only showed economic harm; (8) that the district court's first through third findings of facts in its order for temporary injunction were not supported by evidence; (9) that the district court's award of attorney's fees was unlawful and inappropriate because Norton had a reasonable belief that he could stay in the property until a proper eviction and writ were issued; (10) that the trial court's award of Phan's attorney's fees was an abuse of discretion because the landlord was attempting to evict him during "the federal and Texas moratorium on evictions"; (11) that the judge displayed inappropriate behavior and violated his duty to be impartial when he "stated he believed the permanent injunction was not warranted, discussed legal strategy with counsel, and then chang[ed] his mind when the defendant's attorney pressed multiple times and appeared to be asking a favor"; (12) that the district court judge should have recused himself after "eleven documented acts of bias," violating the code of civil procedure by allowing Phan to bring her counterclaim for trespass, and ignoring the requirements of an

4

injunction; and (13) that Phan's "Notice to Vacate" did not conform to the requirements of Texas Property Code Section 24.002.[1]

*Jurisdiction*

Norton contends that the district court was without jurisdiction to hear Phan's counterclaim for trespass and associated injunction requests because only justice of the peace courts may hear a forcible eviction and detainer suit pursuant to Texas Property Code Section 24.004. *See* Tex. Prop. Code §§ 24.001–.011 (addressing cause of action for forcible entry and detainer).

Whether a district court had subject matter jurisdiction is a question of law that we review de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). Norton correctly asserts that a justice court has exclusive jurisdiction over forcible entry and detainer actions under the Property Code. *See* Tex. Prop. Code § 24.004; *Breceda v. Whi*, 224 S.W.3d 237, 240 (Tex. App.—El Paso 2005, no pet.) However, a justice of the peace court does not have exclusive jurisdiction over all cases that require a determination of the right of possession of real property. *Breceda*, 224 S.W.3d at 240. A suit for eviction under the forcible entry and detainer statute "does not bar a suit for trespass, damages, waste, rent, or mesne profits." Tex. Prop. Code § 24.008.

---

[1] Phan asserts in her appellate brief that the only relevant issues on appeal are those related to the district court's grant of Phan's traditional motion for summary judgment and the permanent injunction. Thus, Phan briefed only those issues. Norton has not raised any issues regarding the second summary-judgment motion. Thus, we do not address Phan's arguments defending that ruling. Further, Phan does not provide any support or any explanation for her contention that Norton's issues are limited. *See* Tex. R. App. P. 38.1(i) (requiring appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"), 38.2 (applying requirements of Rule 38.1 to appellee's brief, subject to exceptions not applicable here). We address all of Norton's issues as we understand them. We address Phan's briefing as it relates to Norton's issue challenging the permanent injunction.

Further, while Chapter 24 does provide procedural protections for a holdover tenant, it does "not grant to tenants at sufferance any legal interests in or possessory rights to the property at issue," and they remain a trespasser on the property. *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 920 (Tex. 2013). Thus, evictions under Chapter 24 involving a holdover tenant and trespass suits requesting an injunction for a trespasser are distinct proceedings. Here, Phan's trespass claim requiring a determination of the right of possession of property and the grant of an injunction did not divest the district court of jurisdiction because it was not a Chapter 24 eviction case. *See Breceda*, 224 S.W.3d at 240 (affirming district court's grant of temporary injunction barring interference with enjoyment of property).

We overrule Norton's jurisdictional issue.

*Denial of continuance*

Norton contends that the district court erred by denying him "extra time for discovery." Although Norton does not specify when this alleged error occurred, based on a review of the record we understand him to be referring to the district court not granting his request for "a continuance of discovery" that Norton made at the pretrial hearing on Phan's traditional summary-judgment motion.

We review the district court's order denying a motion for continuance for a clear abuse of discretion. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). A district court abuses its discretion if its decision is so arbitrary and unreasonable as to amount to a clear and prejudicial error. *Id.* The rules of civil procedure permit a district court to grant a continuance to a party opposing a motion for summary judgment if that party files an affidavit explaining the reasons such continuance is necessary. *See* Tex. R. Civ. P. 166a(g) ("Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present

6

by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."); *Stierwalt v. FFE Transp. Serv., Inc.*, 499 S.W.3d 181, 189 (Tex. App.—El Paso 2016, no pet.). Here, Norton did not file any response, including any affidavit, in response to Phan's second motion for summary judgment. Nor did Norton file or otherwise make any motions to compel discovery after his original claims were dismissed. We conclude that the trial court did not abuse its discretion. *See Stierwalt*, 499 S.W.3d at 189 ("In general, a litigant is not entitled to a continuance if he or she fails to diligently use the rules of civil procedure for discovery purposes prior to filing a motion for continuance.").

We overrule Norton's issue regarding the denial of his motion for a continuance made at the pretrial hearing.

*No-evidence summary judgment*

Norton contends that the trial court abused its discretion when it granted Phan's no-evidence summary judgment that disposed of Norton's claims because there were disputed facts, and opposing counsel refused to cooperate during discovery. We understand Norton's complaint regarding discovery to be asserting that the district court erred when it granted Phan's no-evidence summary-judgment motion without there being "an adequate time for discovery." *See* Tex. R. Civ. P. 166a. Phan did not respond to this issue in her appellate brief. Phan's no-evidence motion filed in the district court also did not address the issue of "adequate discovery."

"After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more

essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." Tex. R. Civ. P. 166a. "When a party contends that it has not had an adequate opportunity for discovery before a summary-judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tempay, Inc. v. TNT Concrete & Constr., Inc.*, 37 S.W.3d 517, 520–21 (Tex. App.—Austin 2001, pet. denied) (citing *Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996)); *see also* Tex. R. Civ. P. 166a(g) ("Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."). Norton filed an affidavit in response to Phan's no-evidence motion asserting that there had not been adequate time for discovery because both the previous and current opposing counsel would not cooperate with him. He also referred the district court to his then pending motion to compel discovery and set a discovery schedule.

An appellate court reviews "a trial court's determination that there has been an adequate time for discovery on a case-by-case basis, under an abuse-of-discretion standard." *McInnis v. Mallia*, 261 S.W.3d 197, 201 (Tex. App.—Houston [14th Dist.] 2008, no pet.). When deciding whether the district court permitted an adequate time for discovery, we consider the following factors: (1) the nature of the cause of action; (2) the nature of the evidence necessary to controvert the no-evidence motion; (3) the length of time the case had been active in the trial court; (4) the amount of time the no-evidence motion had been on file; and (5) the amount of discovery that had already taken place. *Tempay, Inc.*, 37 S.W.3d at 522. "Furthermore, a party should not be able to abuse the discovery process, withhold key evidence from its opponents, and then use

8

that lack of evidence to win a judgment." *Id.* (citing Robert W. Clore, *Texas Rule of Civil Procedure 166a(i): A New Weapon for Texas Defendants*, 29 St. Mary's L.J. 813, 843 (1998) (asserting that plaintiffs "who could show the defendant delayed discovery by failing to answer the plaintiff's interrogatories would likely be entitled to further discovery")).

Norton filed his complaint on July 23, 2020. Phan's no-evidence summary-judgment motion was filed on March 31, 2021. The district court held a hearing and granted Phan's motion for summary judgment and dismissed Norton's motion to compel discovery as moot on April 30, 2021. Thus, Norton's case had been pending for about eight months when Phan filed her no-evidence motion. *See McInnis*, 261 S.W.3d at 200 (concluding that there had not been adequate time for discovery when no-evidence motion filed six months into case and less than half of discovery period had expired). The record reflects that there was no discovery schedule set and no trial date set. Norton has argued consistently before the district court and on appeal that opposing counsel refused to cooperate with him on discovery, including not responding to his requests for discovery. In Norton's affidavit he asserted that no discovery had occurred including initial disclosures. Norton also filed a motion to compel discovery. Both Norton's affidavit and his motion to compel were filed during the one-month period between Phan's no-evidence motion and the hearing.

Norton's discovery requests sent to Phan's attorney on April 14, 2021, are in the record. Norton requested documents and communications between Phan and her listing agent and her broker. Norton's fraudulent inducement claim was premised in part on his argument that Phan had intentionally misrepresented the condition of the property with the assistance of her listing agent and broker knowing that he was out of state and relying on Phan's and Phan's representatives' representations. Norton also requested all versions of the property lease and documents of

maintenance records or inspections of the property. As part of his breach-of-contract claim Norton argued that additional agreements were reached between Norton and Phan regarding the property that were not included in the lease agreement that both parties filed with the court and that he had relied on those agreements in making repairs to the property. Phan has not responded to this allegation in her brief.

Under these circumstances, Norton was not provided an adequate opportunity to conduct discovery. We conclude that the district court abused its discretion in failing to grant Norton's request for additional discovery time. *See Tempay, Inc.*, 37 S.W.3d at 522–23 (concluding appellant had not been given adequate time for discovery when opposing party refused to participate in discovery). We do not reach Norton's issue regarding whether he presented material issues of fact.

We sustain Norton's issue challenging Phan's no-evidence motion.

*Allowing Phan's counterclaim*

Norton contends, in two issues, that the district court erred when it allowed Phan to file her counterclaim fourteen months into the case "after the deadline for a counterclaim had expired," and after the first summary-judgment motion was granted in violation of Rule 47 of the rules of civil procedure. Tex. R. Civ. P. 47. Rule 47 sets substantive requirements for "[a]n original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party claim . . . . *Id.* However, Rule 47 contains no time limit and no prohibition on filing a counterclaim after a district court has ruled on a summary judgment motion on different claims. *See id.* Thus, we conclude that the district court did not err in allowing Phan to file her counterclaim. *See In re Bustamante*, 510 S.W.3d 732, 738 (Tex. App.—San Antonio 2016, orig.

10

proceeding) (applying abuse-of-discretion standard when reviewing issue alleging trial court error under Rule 47.)

We overrule Norton's issues asserting that Phan was barred from filing her counterclaim pursuant to Rule 47.

*Temporary injunction*

Norton contends that the district court erred when it granted Phan's temporary injunction. Norton also contends that the district court's first through third findings of facts in its order for temporary injunction were not supported by the evidence. Because the district court rendered final judgment in this case, including a permanent injunction, Norton's temporary-injunction issues are moot. *See Isuani v. Manske-Sheffield Radiology Group, P.A.*, 802 S.W.2d 235, 236 (Tex. 1991) ("If, while on the appeal of the granting or denying of the temporary injunction, the trial court renders final judgment, the case on appeal becomes moot."); *Norton v. Phan*, No. 03-21-00603-CV, 2022 WL 243191, at *1 (Tex. App.—Austin Jan. 26, 2022, no pet.) (mem. op.) (dismissing Norton's interlocutory appeal challenging temporary injunction because issues became moot).

*Permanent injunction*

Norton contends that the district court erred when it granted Phan's request for a permanent injunction.

We review a trial court's issuance of injunctive relief for an abuse of discretion. *Operation Rescue–National v. Planned Parenthood*, 975 S.W.2d 546, 560 (Tex. 1998). An abuse of discretion occurs when a district court acts in an unreasonable or arbitrary manner, or without any reference to any guiding rules or principles. *Texas Health Care Info. Council v. Seton Health*

*Plan, Inc.*, 94 S.W.3d 841, 850 (Tex. App.—Austin 2002, pet. denied). "To be entitled to a permanent injunction, a party must prove (1) a wrongful act, (2) imminent harm, (3) an irreparable injury, and (4) the absence of an adequate remedy at law." *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 792 (Tex. 2020). When determining the appropriateness of a permanent injunction, a court should balance the competing equities by considering the injury that would result to the complainant, the defendant, and the public. *Storey v. Cent. Hide & Rendering Co.*, 226 S.W.2d 615, 618–19 (Tex. 1950).

Norton argues that Phan did not show irreparable harm, but rather only showed economic harm. We understand Norton to allege that the only harm that Phan demonstrated was the loss of rent. Phan argues that the irreparable harm was the loss of her use and enjoyment of her property. Contrary to Norton's assertion that Phan's claimed harm was unpaid rent, she did not request back-rent damages in the district court but rather argued that Norton's continuing trespass prevented her from selling her property or otherwise using it as she saw fit. When "a trespass invades the possession of a person's land, or destroys the use and enjoyment of that land, an injunction is a proper remedy." *Beathard Joint Venture v. W. Houston Airport Corp.*, 72 S.W.3d 426, 432 (Tex. App.—Texarkana 2002, no pet.). Here, by living in her home as a trespasser, Norton was continuing to trespass on Phan's property in a way that prevented her from using and enjoying her property.

Norton also contends that Phan failed to show that there was no adequate remedy at law because she could have waited for the resolution of her eviction case in the justice of the peace court. Phan asserts that an injunction was a proper remedy because Phan had an inadequate remedy due to the continuous nature of Norton's trespass. *See id.* ("An injunction is also a proper remedy to restrain repeated or continuing trespasses where the remedy at law is inadequate because

of the nature of the injury . . . . In such situations, the requirements of no adequate remedy at law and irreparable damage are satisfied."). The record reflects that the justice of the peace court that was hearing Phan's eviction would be closed for about three more months as of the day of the injunction hearing. At the injunction hearing, Norton expressed his intention of staying in the home until the eviction was final or until a permanent injunction was ordered and upheld on appeal. Thus, he intended to continue to benefit from Phan's inability to get adequate relief due to court closures by continually trespassing on her property and preventing her from using and enjoying it.

Norton also contends that the district court abused its discretion when it resolved the equitable balance against him because his "business will have to be shut down completely by a forced, rapid eviction doing great potential damage to his business," he was suffering from health issues at the time of the district court's ruling, and this type of injunction would set a dangerous precedent by allowing evictions to be done through a trespass claim. Phan correctly points out in her appellate brief that Norton neither filed a response to Phan's traditional motion for summary judgment regarding her trespass claim nor otherwise presented any evidence of either the anticipated effect on his business or of his health issues for the district court to consider as part of balancing the competing equities. Additionally, we are unconvinced by Norton's assertion that upholding the injunction would set a dangerous precedent because it would allow injunctions instead of evictions. Injunctions and evictions will still have different requirements and injunctions will still require a showing of inadequate remedy at law. Further, the legislature chose to explicitly allow for a property owner to pursue available relief through both a Chapter 24 eviction case and a trespass case. *See* Tex. Prop. Code § 24.008 ("An eviction suit does not bar a suit for trespass . . . .).

Based on the record in this case, the district court's grant of the permanent injunction was neither unreasonable nor arbitrary, or without any reference to any guiding rules or principles. *See Texas Health Care Info. Council*, 94 S.W.3d at 850. We conclude that the district court did not abuse its discretion.

We overrule Norton's issue regarding the permanent injunction.

*Attorney's fees*

In two issues, Norton challenges the district court's award of Phan's attorney's fees. The district court awarded Phan's attorney's fees pursuant to the lease agreement, which provides: "Any person who is a prevailing party in any legal proceeding brought under or related to the transaction described in this lease is entitled to recover prejudgment interest, attorney's fees, costs of service, and all other costs of the legal proceeding from the non-prevailing party." The district court ordered "that Phan recover [her] attorney's fees from Norton as the prevailing party on the claims raised in Norton's Original 'Complaint' . . . ." Because we are sustaining Norton's issue challenging Phan's motion for no-evidence summary judgment we vacate the related attorney's fees order. Therefore, we do not reach the merits of Norton's attorney's fees issues.

*Biased judge claims*

In two issues, Norton complains of behavior of the district-court judge, which Norton asserts demonstrated bias. First, Norton contends that the judge displayed inappropriate behavior and violated his duty to be impartial when he "stated he believed the permanent injunction was not warranted, discussed legal strategy with counsel, and then changing his mind when the defendant's attorney pressed multiple times and appeared to be asking a favor." We understand Norton to be referencing part of the hearing on Phan's traditional summary-judgment motion, in

14

which the judge asked both parties for their views on the legal implications for a possible appeal of the case if he granted the summary judgment versus if they went to trial and received the same outcome through a jury. That hearing occurred after Norton filed his only motion for recusal and Norton did not otherwise object to the judge's questions. Thus, Norton has waived this issue on appeal. Tex. R. App. P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that [] the complaint was made to the trial court by a timely request, objection, or motion . . . .").

Norton also contends that the district court judge should have recused himself after "eleven documented acts of bias," for violating the rules of civil procedure by allowing Phan to bring her counterclaim for trespass, and for ignoring the requirements of an injunction. We understand the "eleven documented acts of bias" to be referring to the eleven grounds that Norton asserted in support of his motion requesting that the district court judge recuse himself.

Among other requirements, Rule 18a of the rules of civil procedure requires that requests for judges to recuse themselves be made through a verified motion. Tex. R. Civ. P. 18a. "The procedural requirements of Rule 18a regarding recusal are mandatory, and a party who fails to comply with them waives the right to complain of a judge's failure to recuse himself." *Pease v. Pease*, No. 03-03-00644-CV, 2004 WL 2028023, at *1 (Tex. App.—Austin Sept. 10, 2004, no pet.) (mem. op.); *see also Kennedy v. Staples*, 336 S.W.3d 745, 748 (Tex. App.—Texarkana 2011, no pet.). Norton's motion was not verified. Because Norton's motion did not satisfy the mandatory recusal procedures, his issue regarding the judge's failure to recuse himself is waived. *See id.*

We overrule Norton's two issues regarding alleged judge bias.

*Notice to vacate*

Norton contends that Phan's "Notice to Vacate" did not conform to the requirements of Texas Property Code Section 24.002. As discussed above in our discussion of the jurisdictional issue, this is not a Chapter 24 eviction case. This is a trespass case. Norton has not explained how the procedural requirements of an eviction case apply to this case. *See* Tex. R. App. P. 38.1(i). We overrule his final issue.

## CONCLUSION

We affirm the district court's judgments on Phan's traditional summary-judgment motion on her claims and the permanent injunction. We reverse the district court's judgment granting Phan's no-evidence summary judgment that dismissed Norton's claims and the attorney's fees granted for this. We remand this case to the district court for further proceedings consistent with this opinion.

_____

Gisela D. Triana, Justice

Before Justices Baker, Triana, and Theofanis

Affirmed in part; Reversed and Remanded in part

Filed: July 27, 2023